## BLINN, RECEIVER OF ALLEN, AN ABSENTEE, *v.* NELSON.

### ERROR TO THE SUPREME JUDICIAL COURT OF THE STATE OF MASSACHUSETTS.

No. 5. Argued April 10, 1911.—Decided October 23, 1911.

A state statute of limitations allowing only a little more than a year for the institution of a suit to recover his personal property by a party who has not been heard from for fourteen years and for whose property a receiver has been appointed is not unconstitutional as depriving him of his property without due process of law; and so held as to the provisions to that effect of the Revised Laws of Massachusetts, c. 144, for distribution of estates of persons not heard of for fourteen years and presumably dead.

Constitutional law, like other mortal contrivances, has to take some chances of occasionally inflicting injustice in extraordinary cases.

197 Massachusetts, 279, affirmed.

THE facts are stated in the opinion.

*Mr. George R. Blinn,* receiver, plaintiff in error, *pro se,* submitted:

Even if the statute is constitutional as to provisions

for receivership and care of property of an absentee under *Cunnius* v. *Reading School District*, 198 U. S. 458, it is unconstitutional as to the provisions barring the absentee from recovering property after the expiration of fourteen years from the disappearance; the provisions as to the disposition of such property are unconstitutional, in that the notice which is required as the prerequisite to the proceedings is inadequate; the safeguards affecting the rights of the absentee in the distribution of the property are inadequate; and the time within which distribution may be made is arbitrary and unreasonable.

The statute, which is the subject of construction in this case, is different in many essentials from the Pennsylvania statute sustained in *Cunnius* v. *Reading School District, supra*.

A minimum constructive notice of thirty days is all that is required by the Massachusetts statute—only one-fifth as long as the notice required by the Pennsylvania statute.

The rights of absentees are not properly safeguarded by the Massachusetts statute in case of a distribution. They are absolutely barred at the expiration of fourteen years from the date of disappearance or at the expiration of one year after the appointment of a receiver in the event that such appointment is made more than thirteen years after the date of disappearance. The Pennsylvania statute leaves a discretion with the court which may carefully protect the rights of the absentee regardless of length of absence.

The Massachusetts statute can only be defended as a statute of limitations, and if the time within which the statute is to take effect is unreasonably short, it is unconstitutional. The consideration of what constitutes a reasonable or unreasonable length of time for such a statute to operate depends upon the circumstances of the class

of cases which it affects. The time which is reasonable for one class of cases may be unreasonable for another class of cases and all classes of cases may be affected in times of a public emergency, *Am. Land Co.* v. *Zeiss*, 219 U. S. 47; *Wilson* v. *Iseminger*, 185 U. S. 55; in that event it would not be a statute of limitations but an unlawful attempt to arbitrarily extinguish rights. *Sturges* v. *Crowninshield*, 4 Wheat. 122, 207; *In re Brown*, 135 U. S. 701, 707.

The time within which distribution may be made is arbitrary and unreasonable. That portion of the statute which provides for the distribution of the property of an absentee is unconstitutional and void, because it operates as a statute of limitations, the time of which is unreasonably short and is measured by the wrong standard, to wit: the duration of the absence instead of the duration of the abandonmer of the property to be distributed.

Although that par of the statute providing for final distribution of the pro erty is void, the provisions for appointment of the receiver and care and management of the property, etc., are valid. These two parts are entirely distinct and separable, and in no way dependent upon each other. Each part might well have been enacted alone without any provision for distribution. *Commonwealth* v. *Hitchings*, 5 Gray, 482, 485; *Commonwealth* v. *Petranich*, 183 Massachusetts, 217, 220; *Edwards* v. *Bruorton*, 185 Massachusetts, 529, 530; *Commonwealth* v. *Anselvich*, 186 Massachusetts, 376, 379; *Commonwealth* v. *Cadwell*, 190 Massachusetts, 355, 358; Cooley's Const. Lim. (7th ed.), p. 246, etc.

*Mr. Amos L. Taylor*, with whom *Mr. Hollis R. Bailey* was on the brief, for defendants in error:

All the provisions of the statute as to receivership and care of property are constitutional. *Cunnius* v. *Reading School District*, 198 U. S. 458; *Nelson* v. *Blinn*, 197 Mas-

sachusetts, 279; *Attorney General* v. *Provident Institution*, 201 Massachusetts, 23.

The provisions of the statute as to final distribution after fourteen years are also constitutional.

The only material difference between the Pennsylvania statute and the Massachusetts statute is that the former seems to leave the matter of final distribution to the discretion of the court and provides for security for its repayment unless the court decrees its ultimate distribution to the persons entitled thereto, while the latter statute provides that the property shall never be repaid after the expiration of fourteen years and creates a new statute of limitations.

It is within the power of a State to enact reasonable statutes of limitations and establish a time after which no action can be brought. This power is legislative and not judicial. *Am. Land Co.* v. *Zeiss*, 219 U. S. 47, 70; *Kentucky Union Co.* v. *Kentucky*, 219 U. S. 156; *Missouri* v. *Illinois*, 200 U. S. 496; *Davis* v. *Mills*, 194 U. S. 451; *Soper* v. *Lawrence Bros. Co.*, 201 U. S. 359, aff'g 98 Maine, 268; *Tioga Railroad* v. *Blossburg & Corning Railroad*, 20 Wall. 137, 150; *Metcalf* v. *Watertown*, 153 U. S. 671. For specific instances, see *McElmoyle* v. *Cohen*, 13 Pet. 312, 327 (five years allowed); *Wheeler* v. *Jackson*, 137 U. S. 245 (six months allowed); *Turner* v. *New York*, 168 U. S. 90, aff'g 145 N. Y. 451 (six months allowed). See also *Saranac Land & Timber Co.* v. *New York*, 177 U. S. 318; *Terry* v. *Anderson*, 95 U. S. 628 (nine months and seven days allowed); *Jackson* v. *Lamphire*, 3 Pet. 280 (two years allowed); *Sohn* v. *Waterson*, 17 Wall. 596 (two years allowed); *Hawkins* v. *Barney*, 5 Pet. 456, holding Kentucky's Seven Years' Possession Law valid.

Local conditions must govern.

The fact that there may be a distribution one year after the appointment of a receiver is not unreasonable, especially when taken in connection with the absence of

the party for over fourteen years; nor is it unreasonable to provide that the time shall be reckoned from the date of the disappearance rather than from the date of the right of the absentee to possession of any property in question. That has always been the rule in case of presumption of death after seven years' absence and important rights are determined by it. *Loring* v. *Steineman,* 1 Met. 204; *George* v. *Clark,* 186 Massachusetts, 426; *Butrick* v. *Tilton,* 155 Massachusetts, 461; *Marden* v. *Boston,* 155 Massachusetts, 359; *Stockbridge, Pet'r,* 145 Massachusetts, 517; *Bowditch* v. *Jordan,* 131 Massachusetts, 321; *Kelly* v. *Drew,* 12 Allen, 107; *King* v. *Fowler,* 11 Pick. 302. Any statute of limitations which may have run while the owner is ignorant of his rights may work hardship but that is the penalty for absence without leaving an address, notifying friends or appointing an agent. *Hurling* v. *Caw. Valley Railway,* 130 U. S. 559.

MR. JUSTICE HOLMES delivered the opinion of the court.

This is a petition by the next of kin of an absentee for the distribution of her property in the hands of the receiver; the appointment of the receiver, the taking of the property into his hands, and the present petition all being under Massachusetts Revised Laws, c. 144, and amendments to the same. The general scheme of the law is that in case of a person disappearing from Massachusetts to parts unknown, leaving no known agent in the State, but having an interest in property there, any one who would be entitled to administration may apply to the Probate Court for the appointment of the receiver. After due notice, a warrant to the sheriff to take possession of the property, and his return, a receiver may be appointed of the property scheduled in the sheriff's return, and the court is to find and record the date of the disappearance. By §.10, if the absentee does not appear and claim the property

within fourteen years after the recorded date, his title is barred; and by § 11 if, after the fourteen years, the property has not been accounted for or paid over, it is to be distributed to those who would have taken it on the day fourteen years after the said date. By § 12 if the receiver is not appointed within thirteen years after said date, the time for distribution and for barring actions relative to the property shall be one year after the date of the appointment instead of the fourteen years provided in §§ 11, 12.

On July 20, 1905, the plaintiff in error was appointed receiver of the property of Mabel E. Allen, and the date of the disappearance of the latter was found and recorded as 'within or prior to the year 1892.' The present petition was filed on March 18, 1907. The property in question was an interest of the absentee under the residuary clause of the will of Jonathan Merry, allowed and proved on December 8, 1828. Long after the estate was settled an administrator de bonis non was appointed in 1885 and in or about 1899 collected on account of French Spoliation Claims a sum in which Mabel Allen's share was $1633 and $22. This, with accumulations from interest, is the fund in controversy. The Probate Court made a decree of distribution, which was affirmed by the Supreme Judicial Court of the Commonwealth. 197 Massachusetts, 279. The receiver, having duly set up that the above mentioned §§ 10, 11 and 12 were contrary to the Fourteenth Amendment, brought the case to this court.

The plaintiff in error does not deny that the provisions for the appointment of a receiver are valid. *Cunnius* v. *Reading School District*, 198 U. S. 458. But he argues that the attempt to bar the absentee's title and to distribute his property is void for want of sufficient notice and other safeguards and because the time within which distribution may be made is arbitrary and unreasonable. There is reasonably careful provision for notice by publication before the appointment and the whole proceeding begins

with a seizure by the sheriff of the property mentioned in the original petition. *American Land Co.* v. *Zeiss*, 219 ·U. S. 47, 67. *Tyler* v. *Judges of the Court of Registration,* 175 Massachusetts, 71, 75. So the question put in the way most favorable for the plaintiff in error is whether a statute of limitations that possibly may allow little more than one year, is too short when the property is held in' the quasi adverse hand of the receiver for that time, (what the court would do and how it would interpret the statute if other property fell in after the receiver was appointed is not material in this case). We cannot doubt as to the answer. If the legislature thinks that a year is long enough to allow a party to recover his property from a third hand, and establishes that time in cases where he has not been heard of for fourteen years and presumably is dead, it acts within its constitutional discretion. Now and then an extraordinary case may turn up, but constitutional law like other mortal contrivances has to take some chances, and in the great majority of instances no doubt justice will be done. See *American Land Co.* v. *Zeiss,* 219 U. S. 47, 67. Shorter time than one year has been upheld. *Kentucky Union Co.* v. *Kentucky,* 219 U. S. 140, 156. *Turner* v. *New York,* 168 U. S. 90. *Terry* v. *Anderson,* 95 U. S. 628. See *Soper* v. *Lawrence Brothers Company,* 201 U. S. 359, 369.

*Decree affirmed.*