THE STATE EX INF. NORTH TODD GENTRY, Attorney-General, v. HUGHESVILLE SPECIAL ROAD DISTRICT and W. L. SMITH ET AL., Commissioners.—6 S. W. (2d) 594.

Court en Banc, May 18, 1928.

*North T. Gentry*, Attorney-General, and *Hibbard C. Whitehill*, Special Assistant Attorney-General, for relator.

1248

*Paul Barnett* for defendants.

RAGLAND, J.—This is an original proceeding in the nature of quo warranto instituted by the Attorney-General for the purpose of testing the legality of the incorporation of the respondent, Hughes-

ville Special Road District. Upon the filing of the information all of the respondents entered their appearance, waived the issuance and service of a writ, and answered. The information alleged that respondent special road district purported to be organized under and in accordance with the provisions of Article 8, Chapter 98, Revised Statutes 1919; it then proceeded to set out in consecutive order each step taken in the proceedings which culminated in an alleged order of incorporation by the county court. The answer admitted all the allegations of fact, but averred that the conclusions of law drawn therefrom by informant were erroneous. Following the filing of the answer, the Attorney-General moved for judgment on the pleadings. There is therefore no dispute as to facts.

On the 30th day of June, 1919, a petition signed by the owners of a majority of the acres of land within a district proposed to be organized and setting forth the proposed name of the district, and giving the boundaries thereof and the number of acres owned by each signer of the petition, and the whole number of acres embraced therein and the names of other owners of land within such boundaries, and the number of acres owned by each, and praying for the organization of a public road district in accordance with said Article 8, was filed in the office of the Clerk of the County Court of Pettis County. The boundaries of the proposed district were described in the petition as follows:

"Beginning at a point on the township line at the south east corner of the south west quarter (S. W. 1/4) of Section thirty-three (33) township forty-seven (47) of range twenty-one (21), thence running west along and with said township line six and one-fourth (6 1/4) miles to the south west corner of section thirty-three (33) township forty-seven (47) of range twenty-two (22) thence north one (1) mile to the north west corner of section thirty-three (33), *west 1 mile*, thence north two (2) miles to the north west corner of section twenty (20) thence east two (2) miles to the north east corner of section twenty-one (21) thence north one (1) mile to the north west corner of section fifteen (15) thence east one (1) mile to the north east corner of section fifteen (15) thence north two (2) miles to the township line, being the north west corner of section two (2), thence east along and with said township line four and one-fourth miles (4 1/4) to the north east corner of the north west quarter (N. W. 1/4) of section four (4) of township forty-seven (47), range twenty-one (21) thence south along the half section line three (3) miles to the north east corner of the north west quarter (N. W. 1/4) of section twenty-one (21) thence east one-half (1/2) mile to the north east corner of section twenty-one (21), thence south one (1) mile to the south east corner of section twenty-one (21), thence west one-half (1/2) mile to the south west corner of south east quarter (S. E. 1/4) of section

twenty-one (21) thence south two (2) miles along and with half-section line to the point of beginning, containing in all twenty-two thousand, three hundred eighty acres, more or less, all being and lying in township forty-seven (47) north of ranges twenty-one (21) and twenty-two (22) west.''

Upon the filing of such petition the county clerk gave notice of its presentation by publication in accordance in all respects with the provisions of Section 10834, Revised Statutes 1919, except in this: the description of the boundaries of the proposed district in the published notices, purporting to follow that contained in the petition, omitted the words ''west 1 mile,'' which we have italicized.

As to the further steps taken in the matter of the incorporation we quote from the information:

''Thereafter, at the next term of said county court and on the 4th day of August, 1919, at the time designated in said hand bills and publication of notice the County Court of Pettis County, Missouri, pursuant to said petition and said notices by publication and hand bills, considered the matter of the incorporation of a special road district of Pettis County, Missouri, under said Article 8, Chapter 98, of the Revised Statutes of Missouri of 1919, and then and there made an order purporting to organize a special road district under the name of Hughesville Special Road District of Pettis County, Missouri. The court made a finding that the petition was filed in the office of the clerk of said county court thirty days before the beginning of the regular August, 1919, term of said court and that the petition gave the purported name of the district, the boundaries thereof, the number of acres owned by each signer of the petition, the whole number of acres of land embraced therein and the names of the other owners of land within such boundaries and the number of acres owned by each; that due notice had been given of the filing of the petition by three publications in the Sedalia Weekly Capital, a newspaper printed in the city of Sedalia, Pettis County, Missouri, and also by putting up five hand bills at five public places within the district described in the petition, of the presentation of said petition and the date of the beginning of the last regular term of the county court at which the petition would be heard, and that said notices and hand bills contained the names of at least three signers of the petition and set out the boundaries of the proposed district and notified all owners of land in said proposed district who might desire to oppose to appear and file their remonstrance thereto and that no remonstrance had been filed to the petition, by said court order, the court held and found that the petition had been signed by the owners of a majority of the acres of land described in the petition, and by said order the court held that a special road district, to be known as the Hughesville Special Road District of Pettis County, Missouri, be and

that the same was thereby established, organized and incorporated as a special road district, with the boundaries given in the petition and as set forth in the order. . . .

"However, said order of the county court purporting to organize said special road district described the boundaries of said road district as they had been described in the notices by publication and by hand bills, and not as described in said petition . . ."

From the foregoing it appears that the boundaries of the proposed district were correctly and accurately described in the petition filed in the county court, but that in copying the description from the petition in preparing the notices for publication the county clerk omitted the words, "west 1 mile," and that subsequently in entering of record the order of incorporation made by the court he made a like error. Because of such omission in the published notices relator asserts that "the description in said notices is entirely void, in this: that said description is an impossible description and does not describe any real estate with sufficient definiteness so it can be ascertained what real estate was intended to be included within the boundaries of said road district." And further, that "because of the failure to describe said real estate in said notices and the failure to set out the boundaries of said district in said notices, said county court was without any jurisdiction to make any order passing upon said petition and notices, incorporating any road district, and the order of said county court attempting to incorporate said road district was therefore null and void."

The special road district contemplated by Article 8, Chapter 98, Revised Statutes 1919, is "a political subdivision of the State for governmental purposes"—a municipal corporation. [Sec. 10834.] It is brought into existence through the exercise of legislative power. [State ex rel. v. Thompson, 315 Mo. 56, 285 S. W. 57.] The proceedings prescribed by statute for its organization must be scrupulously followed. [State ex inf. v. Colbert, 273 Mo. 198, 201 S. W. 52.] With these general principles in mind we proceed to a consideration of the question presented by the record, namely, whether the notice given by the county clerk did not "set out the boundaries of said proposed district," as required by the statute, and was therefore a nullity.

With reference to the description of land in a deed or will, the rule is well settled that where it is obvious from the words used and the general tenor and context of the instrument that certain words or their equivalents have been omitted, such words may be supplied by construction. [Presnell v. Headley, 141 Mo. 187, 43 S. W. 387; Thomson v. Thomson, 115 Mo. 57; Deal v. Cooper, 94 Mo. 62, 6 S. W. 707.] And this rule is applicable not only where private boundaries are in question, but in cases involving the boundaries of coun-

ties and other political subdivisions as well. [Carter County v. Brooks, 118 Ky. 85; Palms v. Shawano County, 61 Wis. 211.] Taking the description contained in the notices, with a map spread out before us, we find no difficulty in following the calls from the point of beginning to the northwest corner of Section 33, Township 47, Range 22. But the next call, "thence north two miles to the northwest corner of Section 20," is an impossible one; in order to come to the *northwest* corner of Section 20 by going *north two miles,* it is necessary to start *one mile west* of the northwest corner of Section 33. If we next go back to the point of beginning and reverse the calls we easily follow the boundary to the southwest corner of Section 29; the next call thereafter is from the northwest corner of Section 33, a mile east. But for this gap between the northwest corner of Section 33 and the southwest corner of Section 29 the boundary woud close and the district so enclosed would contain 22,380 acres as called for. The omission is so palpable that the mind readily supplies it.

The proceedings had for the incorporation of the special road district constituted, in their totality, an exercise of legislative and not judicial power. No due-process-of-law requirements were therefore involved. Notice of the filing of the petition in the county court would not have been necessary had the statute not required it. [In re City of Uniondale, 285 Mo. 143, 225 S. W. 985.] The purpose intended to be subserved by the notice, as the statute points out, was to notify all owners of land in the proposed district who might desire to oppose the formation thereof. It was clearly sufficient for that purpose.

What has been said with reference to the description of the boundaries contained in the notice given by the clerk applies with equal force to that found in the order of incorporation made by the court. It should be noted in addition, however, that the order in setting out the boundaries in express terms designated them as the ones described in the petition. The record as a whole, therefore, eliminates all question in respect to the definiteness and certainty with which the land intended to be embraced within the district is described.

For the reasons herein appearing we are of the opinion, and so hold, that the manifest clerical error in the published notices and in the order of incorporation did not render the organization of respondent special road district invalid. Ouster is therefore denied. All concur.