HONEY CREEK DRAINAGE DISTRICT v. FARM CITY INVESTMENT COMPANY, Appellant.—32 S. W. (2d) 753.

Division One, November 18, 1930.

*James W. Davis* and *Arch B. Davis* for appellant.

*F. L. Arthaud* for respondent.

RAGLAND, J.—This is an appeal from the judgment of the Circuit Court of Livingston County, extending the boundaries of Honey Creek Drainage District, located in said county. The record shows in a general way that Honey Creek flows in a southerly direction through Grundy County and thence through Livingston County and into Grand River. The lands in Grundy County which were subject to flood waters from its overflow have been reclaimed and protected by drains and ditches constructed by a drainage district, established some eight or ten years ago, which extends south to the boundary line between Grundy and Livingston counties. On

March 9, 1927, Honey Creek Drainage District in Livingston County was incorporated by a decree of the circuit court. As so incorporated its boundaries extended south to the bottom lands of the Grand River valley. Following its incorporation a board of supervisors was elected, and the board in turn appointed a chief engineer to make the necessary surveys and recommend a plan for reclamation. Subsequently the engineer filed his report in writing which, among other things, showed, or purported to show, that the land lying between the district and Grand River on the south would derive the same benefits from the proposed plan of reclamation that the lands in the district would receive. Thereupon, on the 21st day of July, 1927, and before the appointment of commissioners to assess benefits and damages, the petition for the extension of the boundaries, constituting the basis of this proceeding, was filed.

The petition so filed is in part as follows:

"Comes now A. M. Howard, L. L. Lauderdale, Roy E. Prewitt, Charles Mitts and Frank Treadway, all and the only members of the board of supervisors of the Honey Creek Drainage District of Livingston County, Missouri, a corporation organized and incorporated by the Circuit Court of Livingston County, Missouri, on the ninth day of March, 1927, by its decree duly made and entered on that date.

"Said district being organized under the provision of Article One (1), Chapter Twenty-eight (28), Revised Statutes of 1919, as amended thereafter, and said supervisors for and on behalf of said Honey Creek Drainage District file and present this, their petition.

"Said supervisors show to the court that said Honey Creek Drainage District is a corporation, incorporated by the decree of this court on March 9th, 1927, under the provision of Article One (1), Chapter Twenty-eight (28), Revised Statutes of 1919.

"That after so incorporating, the owners of land and other property in said drainage district, upon due and legal notice of the time and place of meeting, met and elected the above named supervisors of said district, and thereupon after being elected said supervisors qualified by taking the proper oath and are now the duly qualified and acting supervisors of said Honey Creek Drainage District of Livingston County, Missouri. . . .

"Your petitioners show to the court that by the engineer's report he finds and recommends that the lands adjacent to the boundaries of said district and which land is hereinafter described should be annexed to and included within said district and also finds that such adjacent lands are swamp, wet and overflow lands and subject to overflow by Honey Creek, No Creek and Crooked Creek and would be relieved from said overflow and be benefited the same as the lands included in said Honey Creek Drainage District and that said adjacent lands will be improved the same as the lands within

the district by the plan adopted by said board for the improvement of the lands within said district.

"Your petitioners further say to the court that the plans now adopted by said supervisors for reclaiming the lands within said district, make it necessary that said adjacent lands be annexed and made part of said district, that proper outlet may be had for the reclaiming of the lands in said Honey Creek Drainage District by the system recommended by said chief engineer and adopted by the supervisors for said district, and is now the plan for reclaiming the lands in said district."

Following the allegations above set forth the petition contains a statement of the boundaries of the territory over which it is sought to extend the district, together with the names of the owners and descriptions of the lands and other property therein. The prayer is: "that the boundary lines of said Honey Creek Drainage District as fixed by the court's decree in incorporating said district, be extended and enlarged so as to include the above described boundaries of the land lying adjacent to said Honey Creek Drainage District and herein sought to be added and annexed to said already organized and incorporated district."

Following the filing of the petition the Clerk of the Circuit Court caused to be published, in accordance with the provisions of the statute, the following notice:

"Notice is hereby given to all persons interested in the real estate in Sections Twenty-three (23), Twenty-four (24), Twenty-five (25) and Twenty-six (26), Township Fifty-nine (59), Range Twenty-four (24), Livingston County, Missouri, that a petition has been filed in the Circuit Court of Livingston County, Missouri, by the supervisors of the Honey Creek Drainage District, asking that the lands and other property located in the above named sections, be annexed, added and made a part of said Honey Creek Drainage District, for the purpose of forming drainage to reclaim in part and in whole, all of said land and property from overflow and surface water; that such land and property will be liable to taxation for the purpose of paying the expenses of organizing, making and maintaining the improvements that may be found necessary to drain, protect and reclaim the lands and other property in said district, and property annexed thereto, and you, and each of you, are hereby notified to appear and show cause, if any, why said land and other property should not be annexed and made a part of the Honey Creek Drainage District.

"You are also notified that any owner of lands or other property located in the above described sections has the right to file objections to said petition on or before fifteen days after the last publication of this notice, which date of filing objections is Friday, December 9th, 1927."

Appellant, the owner of a large body of land in the proposed extension, filed in due time its objections, setting out why 'the petition should not be granted. The nature of these objections ·will be noted later. On the hearing in the circuit court the petitioners offered evidence tending to support the allegations of their petition; their evidence, that the lands sought to be annexed to the district lay adjacent to it and were "swamp, wet and (or) overflow lands" and were "lands subject to overflow," was rather conclusive: the objector (appellant) offered no countervailing evidence with respect thereto. It contented itself on the contrary with attempting to prove that its land would receive no benefits from inclusion in the drainage district, for the reason that it was subject to overflow from Grand River as well as Honey Creek and that no practicable plan of reclamation would protect it from the flood waters of the river.

The governing statute is as follows:

"Sec. 4416. The board of supervisors of any drainage district organized under the provisions of Article 1, Chapter 28, Revised Statutes of Missouri, 1919, for and in its behalf, or the owners of a majority of the acres in any tract or tracts of swamp, wet or overflow lands or lands subject to overflow lying adjacent to such district, or having an outlet in common with lands in the district, shall have the right to file a petition in the office of the clerk of the court organizing such district, asking that the boundary lines of such district be changed or extended so as to annex and include such lands. . . . As soon as said petition has been filed the clerk of the court shall give notice of such filing by causing publication to be made once a week for four consecutive weeks in some newspaper published in each county in which any part of the lands sought to be annexed are situate; said notice need not contain the names of the owners of said lands and other property or descriptions of tracts owned by each, but it will be sufficient to describe said lands by sections and parts of sections; the notice shall state the purpose of the petition, that the lands will be rendered liable to taxation to pay the cost of making and maintaining the improvements found necessary to drain and reclaim said lands, and that any owner of said lands shall have the right to file objections to said petition on or before fifteen days after the last publication of the notice, which said date of filing objections shall be stated in said notice. Any owners of land, or other property sought to be annexed, not petitioning, or the board of supervisors of the district, if not petitioning, shall have the right to file objections within fifteen days after the last publication of the notice hereinbefore provided for but not thereafter, setting out why said petition should not be granted. Such objections shall be limited to a denial of the statements in the petition and shall be heard and

determined by the court as early and speedily as possible, at either a regular, adjourned or special term, and the court shall annex all lands and other property described in the petition that are found to be swamp, wet or overflow lands or lands subject to overflow, or lands having an outlet in common with lands in the district." [Laws 1923, p. 167.]

Appellant's objections, on which it bases its assignments of error, go to (1) the sufficiency of the petition, (2) the sufficiency of the notice and (3) the constitutionality of the statute. These will be considered in the order named.

I. It is asserted that the proceeding was not brought by any one thereunto authorized by the statute; that the petition does not allege that it is presented and filed by the Board of Supervisors of Honey Creek Drainage District, for and in its behalf; that the words, "all and the only members of the board of supervisors," following the names of the petitioners, are merely descriptive of their persons. Such a reading of the petition is hypercritical in the extreme. From its four corners it will be found that the petition alleges: that the five persons therein named, at the time of the filing of the petition, were the duly elected, qualified and acting supervisors of said district; that they were all and the only members of the board of supervisors of said district; and that "said supervisors for and on behalf of said Honey Creek District file and present this, their petition." From these allegations it is plain that in presenting and filing the petition the petitioners were acting in their official capacity as a board, and not as individuals. Appellant's objection under this head is without substance.

In connection with the foregoing another contention of appellant may be considered, namely, that the petitioners failed to offer any evidence tending to show that they were in fact the elected, qualified and acting members of the board of supervisors of the drainage district in question, and consequently that the finding and judgment of the circuit court in that respect is wholly unsupported by the proof. As to this it may be said that in the preamble to its objections filed in the circuit court appellant tacitly admitted that the petitioners were members of the board of supervisors, and further, that the record discloses that it failed to call to the trial court's attention the alleged failure of proof in its motion for a new trial. For both reasons it is not in a position to raise the question now.

II. The sufficiency of the notice is challenged on the ground that it did not accurately describe the lands proposed to be annexed to

748

the district. Such lands were accruately described in the petition, and as so described they did not include *all* of sections twenty-three, twenty-four, twenty-five and twenty-six, township fifty-nine, range twenty-four, in Livingston County, as named in the notice. This is the basis of the contention that the notice was fatally defective.

In considering this assignment it should be kept in mind that the rules of law relating to substituted or constructive service in judicial proceedings are without application in a proceeding to establish a drainage district or extend its boundaries. A drainage district is a quasi-municipal corporation—a political subdivision of the State for governmental purposes; it may be established or its boundaries extended without notice to the inhabitants of the district proposed to be incorporated, and even against their will, so far as due process of law requirements are concerned. [State v. Road District, 6 S. W. (2d) 594.] The necessity for notice in such case rests on statutory and not constitutional requirements. The question for determination therefore is simply whether the notice published by the clerk in the instant proceeding was a substantial compliance with the statutory provision.

That the statute does not contemplate that the notice shall contain a precise and accurate description of the lands proposed to be annexed seems evident. It provides that the petition "shall describe the boundary lines of the tract or tracts sought to be annexed and state the names of the owners of such tracts together with descriptions of tracts owned by each:" not so the notice: "said notice need not contain the names of the owners of said lands and other property or descriptions of tracts owned by each, but it will be sufficient to describe said lands by sections and parts of sections." The notice in question was directed "to all persons interested in the real estate in sections twenty-three (23), twenty-four (24), twenty-five (25) and twenty-six (26), etc.;" it advised them "that a petition had been filed in the Circuit Court of Livingston County, Missouri, by the supervisors of Honey Creek Drainage District asking that the lands and other property located in the above-named sections be annexed, added and made a part of said Honey Creek Drainage District." If any of the persons interested in the real estate in the sections named desired further information as to the boundary lines of the tract or tracts sought to be annexed and the names of the owners of such tracts together with the descriptions of the tracts owned by each, the notice pointed out to him the source of the information, namely, the petition on file in the circuit clerk's office. The only purpose to be subserved by the giving of notice is to afford owners of land, who are not petitioners, an opportunity for filing objections, setting out why the petition should not be granted. That the notice

in question was calculated to serve and did serve that purpose cannot be doubted. It was therefore sufficient.

III. Under Section 4378, Revised Statutes 1919, a part of the circuit court drainage statute, "the owners of a majority of the acreage in any contiguous body of swamp, wet or overflowed lands, or lands subject to overflow," may form a drainage district, and for the purpose of incorporating the same may file articles of association in the office of the clerk of the circuit court of the county in which the greater part of such lands are situated. Section 4380 of the same statute provides that owners of land in the proposed district who did not sign the articles of incorporation may file objections, but such objections shall be limited to a denial of the statements in the articles of association. The Act of 1923 provides that the boundaries of any drainage district organized under the circuit court drainage statute may be extended so as to include "any tract or tracts of swamp, wet or overflow lands or lands subject to overflow lying adjacent to such district, or having an outlet in common with the lands in the district," that objections may be filed by landowners who did not petition for such extension, but such objections shall be limited to a denial of the statements in the petition, that is, that the adjacent lands sought to be annexed are "swamp, wet or overflow lands, etc." Because of the limitations just mentioned, whereby the landowner is precluded from showing that there is no public necessity for the proposed extension, that no public benefit will be derived therefrom, and, particularly, that his land will not be benefited thereby, appellant insists that the Act is unconstitutional. But it must be evident that, if the Act of 1923 is unconstitutional, the circuit court drainage statute as a whole is for the same reason a nullity. That the statute is constitutionally valid, however, has passed beyond the realm of debate.

When the opinions in Squaw Creek Drainage District v. Turney, 235 Mo. 80, and Elsberry Drainage District v. Harris, 267 Mo. 139, were written, it was the legislative policy, as manifested by various drainage acts, to permit the extension of the boundaries of a drainage district only in cases where there was "something in the character or situation of the lands sought to be annexed, or nature of the contemplated improvement, which would enable them (the owners of such lands) to share in the benefit of the work without contributing to the cost, or would otherwise make it inequitable to withhold their assistance." This policy finds direct expression in Section 4416 as it now appears in the revision of 1919, in the following language: "The court shall extend the boundary lines of the district to include and include only such lands as will be benefited by reason of the making of the improvements necessary to be made to benefit and reclaim, in whole or in part, the lands in the district

as originally organized and incorporated." In 1921, however, there was a complete departure from the policy just mentioned. At the legislative session held that year said Section 4416 was repealed and a new section, similarly numbered, was enacted in lieu of it. [Laws 1921, p. 293.] Under the new act the court was required to annex all lands described in the petition that were found to be "swamp, wet or overflowed lands, or lands subject to overflow." Nothing was said about benefits that would accrue to the lands proposed to be annexed from the making of the improvements in the original district. The Act of 1921 was amended in 1923 by the repeal of the section and the enactment in lieu of it of the section copied in the preceding statement. Aside from the addition of the words, "or having an outlet in common with the lands in the district," the amendment of 1923 made no substantial change in the section as it stood after the 1921 amendment. Under the statute as it now stands the power conferred upon the circuit court is limited to a determination of whether the lands described in the petition and sought to be annexed are swamp, wet or overflow lands or lands subject to overflow and lie adjacent to the district, or have an outlet in common with the lands in the district, and whether the requirements of the statute as to procedure have been complied with. It has nothing to do with the questions of whether the proposed extension is a public necessity, or for the public good, or whether the lands sought to be annexed will receive any benefits by reason of their inclusion in the district.

The decision of the Kansas City Court of Appeals in Gossett-Warner Drainage District v. Griswold, 16 S. W. (2d) 691, to the extent that it is not in harmony with the views herein expressed, is disapproved.

Municipal corporations, such as drainage districts, are instrumentalities of government. Their creation involves an exercise of political and governmental power, as distinguished from judicial power. The Legislature may therefore establish any such corporation, and extend its territorial boundaries after it is established, by means of any agency or agencies it deems appropriate. In doing so it may delegate to the courts a limited function, or it may dispense with their aid altogether. And the questions of public necessity and the public good, with respect to such corporations, lie wholly within the legislative discretion. [See In re City of Uniondale, 285 Mo. 143, 225 S. W. 985; Squaw Creek Drainage Dist. v. Turney, supra; Houck v. Drainage Dist., 248 Mo. 373, 154 S. W. 739; In re Mississippi & Fox River Drainage District: Buschling v. Ackley, 270 Mo. 157, 192 S. W. 727; Neal v. Vansickle, 72 Neb. 105; Tyson v. Washington County, 78 Neb. 211.]

After a drainage district or other municipal corporation is organized, all of its acts affecting the personal and property rights

of the individuals within its territorial jurisdiction are subject to judicial supervision. It is then, and not until then, that there can be a call for the enforcement of constitutional guarantees. If appellant's land will be in no way benefited by the plan of reclamation which may be adopted, that question will properly arise on the coming in of the report of the commissioners appointed to assess benefits and damages, and may then be determined. And the provision of the statute which compels appellant to pay a preliminary organization tax, regardless of the outcome of the issue of benefits or no benefits, does not render it unconstitutional. [Houck v. Little River Drainage Dist., 239 U. S. 254.]

Appellant complains that the trial court refused to permit its counsel, on the cross-examination of the petitioners, to develop "that their main object in wanting appellant's land annexed was to require the owners of land in the extended territory to pay for the improvement of the lands in the original district." As the proceeding for extending the boundaries was entirely within the purview of an authorizing statute, the petitioners in commencing and prosecuting it did what they had a legal right to do. Their hidden motive or purpose in so doing was without relevance.

Appellant attacks for the first time in this court the validity of the decree incorporating the Honey Creek Drainage District. If the question were properly here for review, it would be sufficient to say that that judgment is immune to collateral attack.

In view of the conclusions reached herein the judgment of the circuit court should be affirmed. It is so ordered. All concur.