HELEN SEVIER, as Administratrix, etc., Respondent, v. BANK OF AMERICA NATIONAL TRUST AND SAVINGS ASSOCIATION, as Trustee, etc., Appellant.

Cosgriff, Carr, McClellan & Ingersoll and Dreher, McCarthy & Erickson for Appellant.

Ray Grinstead, Athearn, Chandler, Hoffman & Angell, Philip H. Angell, and Reginald G. Hearn for Respondent.

DOOLING, J.—This proceeding is concerned solely with the constitutionality of sections 280-294, Probate Code, providing a scheme for the administration and ultimate distribution of the estates of missing persons.

Stanley Sevier disappeared from his home in New York City October 10, 1928 and has not been heard from since. Pursuant to the code provisions in question plaintiff Helen Sevier was appointed administratrix of his estate. The defendant bank holds property in trust for the missing person and appeals from a judgment ordering it to pay to the plain-

tiff administratrix money payable to the missing person under the terms of said trust.

The statutory scheme for the administration of the estate of a missing person may be summarized as follows:

All property of a person missing and unheard of for seven years "may be administered, as though such person were dead . . . subject to the conditions, restrictions and limitations hereinafter described." (Prob. Code, § 280.)

The proceeding shall be entitled "In the matter of the estate of ————, a missing person." (Prob. Code, § 281.)

The proceedings are initiated by the filing of a petition "representing that his whereabouts has been for such period of time and still is unknown and that he left an estate which requires administration." The clerk "shall appoint a day for hearing such petition, not less than three months from the date of filing. Said petition may be for administration or probate of the last will . . ." (Prob. Code, § 282.)

Notice of the hearing shall be published once each week for two months, the first publication being at least three calendar months before the day set for hearing and within 20 days after filing the petition copies of the notice shall be sent by registered mail to heirs-at-law, next of kin, legatees and devisees "and to the last known address of such missing person." (Prob. Code, § 283.)

If satisfied by the evidence produced at the hearing that the person has been missing for seven years the court "must thereupon appoint some duly qualified person as administrator or executor." (Prob. Code, § 284.)

Except to pay taxes, assessments, liens, insurance premiums, allowing claims for debts or to prevent depreciation of property on account of neglect or waste, or to specifically perform contracts of the missing person "no sale, mortgage or other disposition or distribution of the property of said missing person shall be had until the lapse of one year after the appointment and qualification of the executor or administrator." (Prob. Code, § 285.)

No distribution to heirs, legatees or devisees shall be made within such one-year period, nor until three years after the qualification of the executor or administrator unless the distributee or assignee give to the representative of the estate a surety company bond "in a penal sum not less than the value of the property distributed and for such additional amount, as the court may prescribe . . . conditioned for the return

of the property or the value thereof to the representative of the estate'' in case it be adjudicated that the missing person was living since the commencement of the seven-year period and to save the representative from damages and costs of suit brought by the missing person or anyone succeeding to his rights. (Prob. Code, § 286.)

During the three-year period after the representative qualifies the missing person may appear and establish his identity (Prob. Code, §§ 287-288) and if his identity is established ''an order shall be made vacating all of the proceedings for administration, except those providing for the payment of'' any of the items enumerated in section 285; and ''the residue of said estate, less fees, costs and expenses thus far incurred, shall be delivered to said claimant.'' (Prob. Code, § 289.)

Similarly any person claiming that the missing person died after the commencement of the seven-year period, and that he is entitled to any of the property because of such death may appear and prove those facts and ''the court shall make and enter such order as the circumstances require.'' (Prob. Code, § 290.)

In case no person makes claim during the three-year period after the qualification of the representative either to be the missing person or to have succeeded to his rights by reason of his death since the commencement of the seven-year period ''a conclusive presumption shall arise that the missing person died prior to the filing of the petition . . .; and the estate shall be finally distributed accordingly.'' Thereupon the liability of the representative, and his sureties to claimants is ended and the liability of distributees ended and their bonds canceled. If the period during which the person has been missing at the time the petition is filed ''shall have exceeded ten years'' then the estate may be finally distributed at the end of one year ''without a bond being given, with like effect as hereinbefore provided for at the expiration of the three year period.'' (Prob. Code, § 291.)

After the final distribution of the estate ''the statute of limitations shall be deemed to have run against all claimants; and no action . . . shall be brought'' by said missing person or persons claiming under him or claiming any interest in the estate against the administrator or executor or any surety or any distributee ''to recover any portion of said estate.'' (Prob. Code, § 292.)

The procedure is made applicable to all persons missing for seven years ''whether such absence commenced heretofore

and has been completed, or is still running, or shall hereafter commence to run." (Prob. Code, § 293.)

The administrator or executor shall proceed in the same general manner "as provided by this code for the administration and settlement of the estates of deceased persons, except as otherwise modified, limited or directed by the provisions of this act." (Prob. Code, § 294.)

The procedure above outlined avoids the infirmity of the procedure considered in *Scott* v. *McNeal,* 154 U.S. 34 [14 S.Ct. 1108, 38 L.Ed. 896] by providing an express scheme for the administration of the estates of missing persons. (*Cunnius* v. *Reading School Dist.,* 198 U.S. 458, 472 et seq. [25 S.Ct. 721, 49 L.Ed. 1125].) Indeed appellant does not, as it could not under the authorities, argue that the state may not provide for the administration of the estates of missing persons after a proper lapse of time (*Cunnius* v. *Reading School Dist., supra*) nor for a final distribution which forecloses all rights of the missing person after allowing a reasonable time to elapse after the inception of the proceedings (*Blinn* v. *Nelson,* 222 U.S. 1 [32 S.Ct. 1, 56 L.Ed. 65]). Nor do we understand appellant to claim that the notice provided for does not afford due process of law. (*Cunnius* v. *Reading School Dist., supra; Mullane* v. *Central Hanover Bank & Trust Co.,* 339 U.S. 306 [70 S.Ct. 652, 94 L.Ed. 865].)

Rather appellant, arguing from the facts of *Blinn* v. *Nelson, supra,* and *Cunnius* v. *Reading School Dist., supra,* seeks to convince us that since the statute does not entirely follow the pattern of either case it does not satisfy the due process requirements. In the Cunnius case the statute provided for a bond by the distributees to secure the rights of the missing person and his right to recover the property if he ever reappeared. In the Blinn case the procedure was commenced under the statute by a court seizure of the property and after the lapse of a prescribed period if the missing person did not appear the property could be finally distributed and the missing person's rights to recover it forever barred.

Arguing from the mechanics of the two statutes appellant insists that unless the property is seized before the administration commences such statutes must provide for the restoration of the property to the missing person whenever he reappears, after however long a period.

The argument seems to us to place too great emphasis on the purely mechanical. In the recent Mullane case, cited

*supra,* the United States Supreme Court, at page 656 of 70 Sup.Ct., said:

"Judicial proceedings to settle fiduciary accounts have been sometimes termed *in rem,* or more indefinitely quasi *in rem,* or more vaguely still, 'in the nature of a proceeding *in rem.*' It is not readily apparent how the courts of New York did or would classify the present proceeding, which has some characteristics and is wanting in some features of proceedings both *in rem* and *in personam.* But in any event we think that the requirements of the Fourteenth Amendment to the Federal Constitution do not depend upon a classification for which the standards are so elusive and confused generally and which, being primarily for state courts to define, may and do vary from state to state. Without disparaging the usefulness of distinctions between actions *in rem* and those *in personam* in many branches of law, or on other issues, or the reasoning which underlies them, we do not rest the power of the State to resort to constructive service in this proceeding upon how its courts or this Court may regard this historic antithesis. It is sufficient to observe that, whatever the technical definition of its chosen procedure, the interest of each state in providing means to close trusts that exist by the grace of its laws and are administered under the supervision of its courts is so insistent and rooted in custom as to establish beyond doubt the right of its courts to determine the interests of all claimants, resident or nonresident, provided its procedure accords full opportunity to appear and be heard."

Our statute combines some of the features of the statute considered in the Cunnius case with others found in the statute in the Blinn case. Its time limits are not unreasonable and its provision for notice is adequate. After the lapse of three years of administration (or of one if the missing person has been unheard of for ten years prior to commencing the proceedings) it provides for a final distribution and bars the missing person's rights by limitation. Justice Holmes said in the Blinn case, 222 U.S. at page 7:

"If the legislature thinks that a year is long enough to allow a party to recover his property from a third hand, and establishes that time in cases where he has not been heard of for fourteen years, and presumably is dead, it acts within its constitutional discretion."

We cannot say that three years after the lapse of seven or one year after the lapse of ten are unreasonable times for our Legislature to fix to accomplish the same result.

*Scott* v. *McNeal, supra,* 154 U.S. 34 is not in any way contrary to these conclusions. In that case the estate of a missing person was probated under a statute providing solely for the probate of decedent's estates. The distinction is made clear in the Cunnius case, (198 U.S. 474-476), where distinguishing the McNeal case the court said:

"True it is that there are some general expressions found in the opinion (p. 50), which, if separated from the context of the opinion, might lead to the conclusion that it was held that a State was absolutely without power to provide by a special proceeding for the administration and care of the property of an absentee, and to confer jurisdiction on its courts to do so, irrespective of the fact of death. But these general expressions are necessarily controlled by the case which was before the court, and by the context of the opinion, which makes it clear that it was alone decided that under a law giving jurisdiction to probate courts to administer the estates of deceased persons, even although a rebuttable presumption existed as to death after a certain time, that if such presumption was subsequently rebutted by the proof of the fact of life that the court, whose authority depended upon death, was devoid of jurisdiction. . . .

"The error underlying the argument of the plaintiff in error consists in treating as one two distinct things, the want of power in a State to administer the property of a person who is alive, under its general authority to provide for the settlement of the estates of deceased persons, and the power of the State to provide for the administration of the estates of persons who are absent for an unreasonable time, and to enact reasonable regulations on that subject. . . . As it cannot be denied that in substance the Pennsylvania statute is a special proceeding for the administration of the estates of absentees distinct from the general law of that State providing for the settlement of the estates of deceased persons, and as by the express terms of the statute jurisdiction was conferred upon the proper court to grant the administration, it follows that the Supreme Court of Pennsylvania, did not deprive the plaintiff in error of due process of law within the intendment of the Fourteenth Amendment."

The claim that the statute is unconstitutionally retroactive is not open in this case. The statute was adopted in 1935. The administratrix was appointed in 1946. Thus from the effective date of the statute the missing person was unheard

of for eleven years before the court acted. Under these circumstances it is unnecessary to give the statute retroactive effect to fully meet its terms.

Nor can appellant object that the statute makes no express provision to protect it against the claim of the missing person should he appear. The delivery of the money pursuant to the judgment to an administratrix appointed under a valid statute would be a complete defense to such a claim. "If the deposit is turned over to the state, in obedience to a valid law, the obligation of the bank to the depositor is discharged." (*Security Sav. Bank* v. *California,* 263 U.S. 282, 286 [44 S.Ct. 108, 68 L.Ed. 301].) Indeed in the Cunnius case, *supra,* it was held that the defendant school district by making payments to the administrator of the missing person was thereby discharged of liability to the missing person, when she reappeared. (See the statement of facts 198 U.S. 461-462.)

Judgment affirmed.

Nourse, P. J., concurred.

[Civ. No. 14504. First Dist., Div. Two. Dec. 18, 1950.]