**J. A. BRUENING COMPANY, Appellant,**

v.

**Petitioners, In The Matter of the LIBERTY LANDING LEVEE DISTRICT, Respondent.**

**No. 55414.**

Supreme Court of Missouri, Division No. 2.

Jan. 10, 1972.

William J. Burrell, Arlyn D. Haxton, Dietrich, Davis, Burrell, Dicus & Rowlands, Kansas City, for appellant.

Norman M. Tempel, William B. Prugh, Shughart, Thomson & Kilroy, Kansas City, and Wherritt & Turpin, Liberty, for respondent.

DONNELLY, Judge.

On January 5, 1970, the Circuit Court of Clay County, Missouri, entered its Decree of Incorporation (under the provisions of V.A.M.S. §§ 245.010–245.280) declaring certain lands, a portion of which are owned by appellant, a part of a Levee District, to be known as "Liberty Landing Levee District."

The question presented is whether notice by publication in a newspaper (under the provisions of V.A.M.S. § 245.020) is constitutionally sufficient *in this case* under the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

In Honey Creek Drainage Dist. v. Farm City Inv. Co. (1930), 326 Mo. 739, 748, 750, 751, 32 S.W.2d 753, 756, 757, 758, where a decree incorporating a *drainage* district was involved, and notice by publication was in question, this Court en Banc said: "* * * A drainage district is a quasi-municipal corporation, a political subdivision of the state for governmental purposes; it may be established or its boundaries extended without notice to the inhabitants of the district proposed to be incorporated, and even against their will, so far as due process of law requirements are concerned. State [ex inf. Gentry] v. [Hughesville Special] Road District, 319 Mo. 1246, 6 S.W.2d 594. The necessity for notice in such case rests on statutory and not constitutional requirements. The question for determination therefore is simply whether the notice published by the clerk in the instant proceeding was a substantial compliance with the statutory provision.

\* \* \* \* \* \*

"Municipal corporations, such as drainage districts, are instrumentalities of government. Their creation involves an exercise of political and governmental power, as distinguished from judicial power. The legislature may therefore establish any

such corporation, and extend its territorial boundaries after it is established, by means of any agency or agencies it deems appropriate. In doing so it may delegate to the courts a limited function, or it may dispense with their aid altogether. And the questions of public necessity and the public good, with respect to such corporations, lie wholly within the legislative discretion. [Citing cases.]

"After a drainage district or other municipal corporation is organized, all of its acts affecting the personal and property rights of the individuals within its territorial jurisdiction are subject to judicial supervision. It is then, and not until then, that there can be a call for the enforcement of constitutional guarantees. If appellant's land will be in no way benefited by the plan of reclamation which may be adopted, that question will properly arise on the coming in of the report of the commissioners appointed to assess benefits and damages, and may then be determined. And the provision of the statute which compels appellant to pay a preliminary organization tax, regardless of the outcome of the issue of benefits or no benefits, does not render it unconstitutional. Houck v. Little River Drainage Dist., 239 U.S. 254, 36 S.Ct. 58, 60 L.Ed. 266."

Insofar as pertinent to consideration of the question in this case, the statutory provisions for organization of *levee* districts by circuit courts (V.A.M.S. §§ 245.010–245.280) are substantially the same as the statutory provisions for organization of *drainage* districts by circuit courts (V.A.M.S. §§ 242.010–242.690). We consider the *Honey Creek* holding controlling in this case unless, of course, it does not meet the requirements of decisions of the United States Supreme Court.

In Mullane v. Central Hanover Bank & Tr. Co. (1950), 339 U.S. 306, 314–315, 70 S.Ct. 652, 657, 94 L.Ed. 865, a case involving the question of "the constitutional sufficiency of notice to beneficiaries on judicial settlement of accounts by the trustee of a common trust fund established under the New York Banking Law," the United States Supreme Court said:

"An elementary and fundamental requirement of due process in any proceeding which is to be accorded finality is notice reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections. Milliken v. Meyer, 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278; Grannis v. Ordean, 234 U.S. 385, 34 S.Ct. 779, 58 L.Ed. 1363; Priest v. Las Vegas, 232 U.S. 604, 34 S.Ct. 443, 58 L.Ed. 751; Roller v. Holly, 176 U.S. 398, 20 S.Ct. 410, 44 L.Ed. 520. The notice must be of such nature as reasonably to convey the required information, Grannis v. Ordean, *supra,* and it must afford a reasonable time for those interested to make their appearance, Roller v. Holly, supra, and *cf.* Goodrich v. Ferris, 214 U.S. 71, 29 S.Ct. 580, 53 L.Ed. 914. But if with due regard for the practicalities and peculiarities of the case these conditions are reasonably met the constitutional requirements are satisfied. 'The criterion is not the possibility of conceivable injury, but the just and reasonable character of the requirements, having reference to the subject with which the statute deals.' American Land Co. v. Zeiss, 219 U.S. 47, 67, 31 S.Ct. 200, 207, 55 L.Ed. 82; and see Blinn v. Nelson, 222 U.S. 1, 7, 32 S.Ct. 1, 56 L.Ed. 65."

Appellant cites the *Mullane* case, supra; United States ex rel. Accardi v. Shaughnessy (1954), 347 U.S. 260, 74 S.Ct. 499, 98 L.Ed. 681 (a habeas corpus action in which the validity of a denial of an application for suspension of deportation was involved); Slochower v. Board of Education (1955), 350 U.S. 551, 76 S.Ct. 637, 100 L.Ed. 692 (an appeal involving the constitutionality of § 903 of the Charter of the City of New York, which provided that an employee could be discharged if he invoked the privilege against self-incrimination to avoid answering a question re-

lating to his official conduct); Walker v. City of Hutchinson (1956), 352 U.S. 112, 77 S.Ct. 200, 1 L.Ed.2d 178 (an appeal involving the question whether notice by publication in a newspaper was sufficient in a proceeding to condemn property in order to open, widen and extend one of the city's streets); Schroeder v. City of New York (1962), 371 U.S. 208, 83 S.Ct. 279, 9 L.Ed.2d 255 (an appeal involving the question whether notice by publication in newspapers and by posting notices was sufficient in a condemnation proceeding affecting property on the Neversink River in Orange County, New York); and Armstrong v. Manzo (1965), 380 U.S. 545, 85 S.Ct. 1187, 14 L.Ed.2d 62 (a case wherein the natural father of a child was given no notice of a pending adoption proceeding).

The determinative question in this case would seem to be whether "property interests are disturbed" (Lambert v. California, 355 U.S. 225, 228, 78 S.Ct. 240, 2 L.Ed.2d 228) at *this point* in the proceedings. In the *Honey Creek* case, supra, this Court held, in effect, that no "property interests are disturbed" until after the levee district is organized. In our opinion, the decisions of the United States Supreme Court do not compel us to overrule the *Honey Creek* holding.

We hold that notice by publication in a newspaper was constitutionally sufficient in this case. In subsequent proceedings in this matter (e. g., under V.A.M.S. §§ 245.120, 245.125, and 245.130), we trust the parties will recognize "that notice by publication is not enough with respect to a person whose name and address are known or very easily ascertainable and whose protected interests are directly affected by the proceedings in question." (Schroeder v. City of New York, supra, 371 U.S. 208, 212, 213, 83 S.Ct. 279, 282.)

Respondent has filed a motion to dismiss the appeal. In view of the conclusions reached above, the motion to dismiss the

appeal should be sustained because appellant, at this stage of the proceedings, has no right of appeal under V.A.M.S. § 512.-020.

It is so ordered.

All of the Judges concur.