The Honorable Doyle Webb State Senator Post Office Box 1998 Benton, Arkansas 72018
Dear Senator Webb:
This is in response to your request for an opinion on three questions about the application of the Freedom of Information Act of 1967, A.C.A. § 25-19-101 to -107 (Repl. 1992 and Supp. 1995) (the "Act"), to the meetings and records of a nonprofit corporation that operates a hospital facility leased from a county. Your request states that Saline Memorial Hospital "was previously classified as a governmental facility" but is now a nonprofit corporation. Your questions are:
 1. Is the governing board of the hospital still required to vote on personnel matters discussed in private in a subsequent public session?
 2. Are executive sessions still legal only when true personnel issues are discussed, such as the hiring or firing of an employee or disciplinary measures being considered in regard to that employee?
 3. [D]oes the public still have the right to have access to hospital records that they presently enjoy because of the Freedom of Information Act?
I believe it is important initially to clarify that the discussion below assumes that your questions concern the governing body and records of the nonprofit corporation that leases and operates the hospital. In other words, it is fairly clear from your request, and I am assuming, that your questions do not relate to the county hospital board of governors created by A.C.A. § 14-263-103, which almost certainly remains subject to the Act even after the board has leased the county hospital facility to a third party pursuant to A.C.A. § 14-263-106. See generally Baxter CountyNewspapers, Inc. v. Medical Staff of Baxter Gen. Hosp., 273 Ark. 511,622 S.W.2d 495 (1981).
The answers to all of your questions will depend upon whether the nonprofit corporation operating the hospital is subject to the Act. It has been held that the Act applies to those private (i.e., nongovernmental) organizations that receive public funds and carry on public business or are otherwise intertwined with the activities of government. See City of Fayetteville v. Edmark, 304 Ark. 179,801 S.W.2d 275 (1990). See also, e.g., Op. Att'y Gen. 95-353, 94-023, 93-154, 93-119 (the latter concerning a hospital whose status as a governmental or private entity was unclear). Professor Watkins has stated the rule thus: "[T]he [Act] applies only to private organizations that (1) receive public funds, (2) engage in activities that are of public concern, and (3) carry on work that is intertwined with that of government bodies." J. Watkins, Arkansas Freedom of Information Act
37 (2nd ed. 1994). "When the state or a political subdivision thereof seeks to conduct its affairs through private entities, it seems clear that those entities are for all practical purposes the government itself."Edmark, 304 Ark. at 187,quoting Watkins, Access to Public Records under the Arkansas Freedom ofInformation Act, 37 Ark. L. Rev. 741, 764 (1984). See also Depoyster v.Cole, 298 Ark. 203, 766 S.W.2d 606 (1989); Rehab Hosp. Serv. Corp. v.Delta-Hills Health Systems Agency, Inc., 285 Ark. 397, 687 S.W.2d 840
(1985); North Central Ass'n of Colleges Schools v. Troutt Brothers,Inc., 261 Ark. 378, 548 S.W.2d 825 (1977).
Whether the corporation at issue meets the test set forth above is largely a question of fact. There are not sufficient facts set forth in your request to enable me to reach a definitive answer, and this office is neither authorized nor equipped to perform the inquiry necessary to determine all the relevant facts. I will attempt below, however, to provide guidance about the law that should be of use to a person who is in possession of the relevant facts.
The threshold, and fundamental, question is whether the corporation is "wholly or partially supported by public funds or expending public funds." A.C.A. § 25-19-103(1) (Repl. 1992); see also A.C.A. §§25-19-103(2), 25-19-106(a). It is clear that the corporation's lease of the hospital facility from the county, even if the rentals payable thereunder are below fair market rates, will not constitute the receipt of public funds. The government's indirect subsidy of a private organization is not sufficient to make the private organization subject to the Act; rather, this part of the test is satisfied only if there is a direct transfer to the private organization of money belonging to the government. Sebastian County Chapter of American Red Cross v.Weatherford, 311 Ark. 656, 846 S.W.2d 641 (1993).
It seems fairly likely that the corporation at issue here is carrying on a public business or is otherwise intertwined with the activities of the county. Counties are specifically authorized by law to provide hospital services, A.C.A. § 14-14-802(b)(2)(E)(iii), and Saline County apparently did so directly until recently. The activity thus appears to be one that would be conducted by the county itself in the absence of the arrangement with the corporation and probably, therefore, one involving a public business.
If, in fact, the corporation is wholly or partially supported by public funds, or expends public funds, and carries on a public business or is otherwise intertwined with the activities of the county, it is my opinion that the corporation is subject to the Act and that the answer to each of your questions is "yes." With respect to your first question, A.C.A. §25-19-106(c)(4) provides that no action considered or taken in executive session is valid unless it is voted upon in public session following the executive session. With respect to your second question, A.C.A. §25-19-106(c)(1) contains the Act's only exception to the general rule (of A.C.A. § 25-19-106(a)) requiring open meetings, and provides that "[e]xecutive sessions will be permitted only for the purpose of considering employment, appointment, promotion, demotion, disciplining, or resignation of any public officer or employee." With respect to your third question, A.C.A. § 25-19-105(a) (Supp. 1995) provides that all public records are open to public inspection and copying, "[e]xcept as otherwise specifically provided by this section or by laws specifically enacted to provide otherwise. . . ." One exception set forth in the Act is for medical records. A.C.A. § 25-19-105(b)(2).
Also with regard to your third question, it should be noted that Act 885 of 1995 amended A.C.A. § 16-46-105(a)(1) (Supp. 1995) to except from inspection and copying under the Act:
 [t]he proceedings, minutes, records, or reports of organized committees of hospital medical staffs or medical review committees of local medical societies having the responsibility for reviewing and evaluating the quality of medical or hospital care, and any records compiled or accumulated by the administrative staff of such hospitals in connection with such review or evaluation, together with all communications or reports originating in such committees. . . .
Act 885 also created an exception from inspection and copying under the Act for "testimony as to events occurring during the activities of such committees. . . ." A.C.A. § 16-46-105(a)(2).
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General J. Madison Barker.
Sincerely,
WINSTON BRYANT Attorney General
WB:JMB/cyh