BAXTER COUNTY NEWSPAPERS, INC.
*v.* MEDICAL STAFF OF BAXTER GENERAL
HOSPITAL et al

81-108                                    622 S.W. 2d 495

Supreme Court of Arkansas
Opinion delivered September 28, 1981
[Rehearing denied November 16, 1981.]

*Ronald P. Kincade* of *Kincade & Cunningham*, for appellant and *Phillip Carroll* of Rose Law Firm.

*G. Ross Smith, P.A.,* for appellees.

*Walter A. Paulson, II* of *Friday, Eldredge & Clark*, for amicus curiae, Arkansas Hospital Association.

FRANK HOLT, Justice. This case arises under the Freedom of Information Act, Ark. Stat. Ann. § 12-2801 et seq. (Repl. 1979). Appellant's reporter was denied admittance to a meeting of the Credentials Committee of the Medical Staff of the Baxter County General Hospital. The Committee had convened to make an initial determination as to whether the staff privileges of a doctor should be continued. Appellant filed an action in circuit court to declare the Credentials Committee meeting in violation of the FOI. Subsequently, appellant also filed an injunctive proceeding in chancery court to prevent the Medical Staff from holding a scheduled meeting to consider the Credentials Committee's recommendations on the matter.

Under its bylaws, the Board of Governors of the hospital delegates to the Medical Staff, separately organized with its own bylaws, the authority to evaluate the professional competence of the Medical Staff members for purpose of admission or continuation of the privilege of practicing at the hospital. The staff's Credentials Committee reviews the information and makes a recommendation to the full Medical Staff, which then votes on the matter; and if unfavorable, an evidentiary hearing is held. The Board then acts on the matter on the basis of the Staff's recommendation and the hearing transcript. Appellant contends below and here, contrary to the trial court's findings, that the meeting of the

Credentials Committee and the anticipated meeting of the full Staff are subject to the Freedom of Information Act and must be open to the public.

Section 12-2805 of the FOI provides:

Except as otherwise specifically provided by law, all meetings, formal or informal, special or regular, of the governing bodies of all . . . counties . . . and all boards, bureaus, commissions, or organizations of the State of Arkansas, except grand juries, supported wholly or in part by public funds, shall be public meetings.

There is no dispute that the hospital is a county owned facility supported by public funds. Ark. Stat. Ann. § 17-1501 (Repl. 1980). We have held that when a Board is subject to the provisions of the act, its committees are also subject to the act. *Ark. Gazette Co. v. Pickens*, 258 Ark. 69, 522 S.W. 2d 350 (1975). Unless the questioned meetings here come under the "except as otherwise specifically provided by law" language of the act, the meetings of the Credentials Committee and of the Medical Staff, which are in issue, must be open meetings.

The trial judge consolidated the circuit court action and the chancery petition for injunction. He found the meetings were exempted from the FOI, relying on Act 445 of 1977, Ark. Stat. Ann. §§ 28-934 and 28-935 (Repl. 1979) and Ark. Stat. Ann. § 19-4724 (Repl. 1980). We do not find those statutes create a specific exception to the FOI as is required. Section 28-934 provides that "[t]he proceedings, minutes, records or reports" of such medical review committees "shall not be subject to discovery or admissible in any legal proceeding and shall be absolutely privileged communications; nor shall testimony as to events occurring during the activities of such committees be admissible." The substance of this section, therefore, deals with the admissibility of evidence or testimonial privilege. Section 28-935 allows disclosure of such data in certain limited circumstances not pertinent here. Section 19-4724 makes it an obligation of any person engaged in work in a licensed hospital, who has information or knowledge relating to the care provided

there, to advise review committees of such matters when requested. In *Laman* v. *McCord*, 245 Ark. 401, 32 S.W. 2d 753 (1968), we stated the rule that "statutes enacted for the public benefit are interpreted most favorably to the public," pointing out also that the FOI Act states "except as otherwise *specifically* [our italics] provided by law, all meetings . . . shall be public meetings." We there held that a statute providing a "testimonial disqualification" did not suffice as a specific exception. Further it is well established that the FOI Act is to be liberally construed to achieve its purpose. *Laman* v. *McCord, supra*; *N. Cen. Assn. of Colleges* v. *Troutt Bros.*, 261 Ark. 378, 548 S.W. 2d 825 (1977); and *Ark. Gazette Co.* v. *Southern State College, et al,* 273 Ark. 248, 620 S.W. 2d 258 (1981).

Appellees contend that if those statutes do not create an exception, the meetings fall under the exception in § 12-2804 for executive session to consider employment, appointment, promotion, demotion, disciplining or resignation of any public officer or employee and the corresponding provision of the County Government Code, Ark. Stat. Ann. § 17-3108 (Repl. 1980). We cannot agree. The doctor here is not a public officer nor an employee of the hospital. His status is that of an individual who has certain privileges extended to him by the county hospital, which is public owned, operated, and supported by public funds.

We hold the FOI Act requires here that the hearing of testimony and a vote on the matter must be in public session and to that extent the finding of the trial court is modified. However, in the circumstances, we think that a discussion or consideration of a resolution of the issue by the committee members may be conducted in executive session. See *Ark. State Police Comm'n* v. *Davidson*, 253 Ark. 1090, 490 S.W. 2d 788 (1973); *Yandell* v. *Havana Bd. of Education*, 266 Ark. 434, 585 S.W. 2d 927 (1979).

Affirmed as modified.

Purtle and Hays, JJ. concur in part and dissent in part.

Steele Hays, Justice, concurring in part, dissenting in

part. I concur in that part of the opinion of the majority that affirms the trial court with respect to the right of the commission members to retire into executive session for the purpose of discussing or considering the decision they should reach — that issue was settled in *Ark. State Police Commission* v. *Davis*, 253 Ark. 1090, 490 S.W. 2d 788 (1973). However, the majority opinion fails to explain how it arrives at a distinction in the statutes between the *proceedings* of a hearing and the "discussion or consideration" that resolves the issue itself. I believe it is clear under the law that meetings of the kind presented in this appeal are intended to be privileged in their entirety.

The majority opinion expands considerably the decision of *Laman* v. *McCord*, 245 Ark. 401, 32 S.W. 2d 753 (1968). At issue in *Laman* was the language of Ark. Stat. Ann. § 28-601 (Repl. 1962), now superseded by Rule 502, Uniform Rules of Evidence, Ark. Stat. Ann. § 28-1001, append. (Repl. 1979), rendering an attorney incompetent to testify concerning communications between the attorney and the client:

> The following persons shall be incompetent to testify: . . . Fourth, an attorney, concerning any communication made to him by his client in that relation, or his advice thereon, without the client's consent.

As Justice Fogleman correctly pointed out in his concurring opinion in *Laman:*

> There is no conflict between these acts because § 28-601 does not specifically provide for private conferences between attorney and client. That section simply affords a measure of protection to the client against disclosure of the subject matter of those conferences. Thus, there is no specific provision of law which permits the governing board of a city collectively to have the advantage of confidential communications with its attorney. *Laman*, at 407.

At issue here is Act 445 of 1977, Ark. Stat. Ann. § 28-934, which specifically provides:

*The proceedings* . . . of organized committees of hospital medical staffs or medical review committees of local medical societies having the responsibilities for reviewing and evaluating the quality of medical or hospital care, and any records compiled or accumulated by the administrative staff of such hospitals in connection with such review or evaluation, together with all communications or reports originating in such committees, shall not be subject to discovery or admissibility in any legal proceeding *and shall be absolutely privileged* communications; nor shall testimony as to events occurring during the activities of such committees be admissible. (Emphasis supplied.)

Had the Legislature intended to confer merely a testimonial privilege, as the majority reasons, it would have done so by amending the Uniform Rules of Evidence, and not by separate statute as was done here. But more than that, the Legislature must have employed the language as emphasized above with the purpose in mind that the hearings themselves were to be confidential. This view is buttressed by the language of § 28-935:

Nothing contained herein shall be construed to prevent disclosure of such data to appropriate state or federal regulatory agencies which by statute or regulation are entitled to access to such data . . .

The view taken by the majority renders § 28-935 mere surplusage and effectually void. The end result of today's decision is to rewrite § 28-935 to say: "Nothing contained herein shall be construed to prevent disclosure of such data *to the general public*." How can this result be said to have been intended by the Legislature? If any uncertainty were left, reference to the title and emergency clause of Act 445 forbears any reasonable doubt as to the legislative intent. The title states that the act is to provide an "absolute privilege of confidentiality to data presented to such committees" and the emergency clause reads:

It is hereby found and declared by the General Assembly of the State of Arkansas that in order to insure

candor, objectivity and the presentation of all pertinent information sought by committees reviewing the quality of medical and hospital care and thus contribute to the effective functioning of committees striving to determine and improve such care, *an absolute privilege of confidentiality should be afforded to data elicited during the course of such inquiries and that the privilege of confidentiality should be provided for as soon as possible.* Therefore, an emergency is hereby declared to exist, and this Act, being necessary for the immediate preservation of the public peace, health and safety, shall be in effect from the date of its passage and approval. (Emphasis supplied.)

In reversing this case, the majority relies on the FOI proviso that all meetings shall be public "except as otherwise specifically provided by law." But in so doing too much is made of the word "specifically" and too little of the words "except as otherwise . . . provided by law." In enacting the FOI the Legislature did not, I believe, intend to render void all instances of confidentiality except those categorically preserved in the act. I agree with the trial court that the language of Act 445 meets the exception "as otherwise specifically provided by law." The degree of particularity required of the statutes by the majority opinion cannot be rationally inferred from the purpose and intent of the FOI embodied in Ark. Stat. Ann. § 12-2802.

I would affirm the lower court in full.

PURTLE, J., joins.