The Honorable David Choate State Representative 709 North Main Street Beebe, AR 72012-3048
Dear Representative Choate:
This is in response to your request for an opinion regarding the Arkansas Freedom of Information Act ("FOIA"), which is codified at A.C.A. §25-19-101 et seq. (Repl. 1992 and Supp. 1993). You state that the Beebe Public School District Board of Education has appointed a screening committee to solicit and review applications for, and recommend to the Board, a school superintendent. You indicate that the committee is made up of members and non-members of the Board. Your specific questions are as follows:
 Is the appointed committee subject to the requirements of the state Freedom of Information law? Specifically, must meetings be announced and be open to the public? If so, may the committee go into executive session, and for what purpose?
 It is my opinion that the open meetings requirement of the FOIA in all likelihood applies to this committee. A.C.A. § 25-19-106 (Repl. 1992). It is therefore my opinion that proper notice of meetings must be given, even though all or part of the meetings may be held in executive session (as discussed below). See generally Op. Att'y Gen. 90-239.
The FOIA requires in pertinent part that, except as otherwise specifically provided, "all meetings . . . of the governing bodies of all . . . school districts . . . shall be public meetings." A.C.A. §25-19-106(a). It is clear, following the case of Arkansas Gazette Companyv. Pickens, 258 Ark. 69, 522 S.W.2d 350 (1975), that committees composed of members of the governing body are subject to the open meetings requirement. See also J. Watkins, Arkansas Freedom of Information Act 45 (2nd ed. 1994). The court in Pickens stated: "when a committee of a board meets for the transaction of business — this is a public meeting, and subject to the provisions of the Freedom of Information Act."258 Ark. at 77. Pickens involved a meeting of five trustees (out of a ten-member board of trustees) acting as the Student Affairs Committee of the board. It has been stated that according to Pickens, the FOIA applies to the meetings of such a committee "even if the committee consists of less than a quorum of the parent body and possesses only the power to make recommendations." Arkansas Freedom of Information Act,supra, at 45.
The situation posed by your question may be somewhat distinguishable fromPickens in that the committee is not composed entirely of school board members. Consideration of the specific composition of the committee and the exact nature of its functions and authority may therefore be necessary.[1] It seems clear that the open meetings requirement will apply to groups other than committees composed of members of the governing body if there has been a delegation of decision-making authority. SeeBaxter County Newspapers, Inc. v. Medical Staff of Baxter GeneralHospital, 273 Ark. 511, 622 S.W.2d 495 (1981) and Freedom of InformationAct, supra, at 45. Because it may be concluded that such a delegation has occurred in this instance, it is my opinion that the screening committee is likely subject to the open meetings requirement. It appears, from the information provided, that one of the purposes of the committee is to review applications, presumably for the purpose of eliminating candidates. Although the ultimate employment decision rests with the school board, the exercise of decision-making authority is, it seems, inherent in the screening process. Thus, while the presence of board members may raise an initial presumption, or at least a concern regarding the FOIA's applicability, the exercise of decision-making authority removes any doubt.
In response to your question regarding the committee's authority to go into executive session, this office has previously opined that a governing body may meet in executive session to screen and review applications for employment. See Op. Att'y Gen. 93-403 (copy enclosed), citing A.C.A. § 25-19-106(c)(1) (Repl. 1992) (permitting executive sessions "for the purpose of considering employment [or] appointment . . . of any public officer or employee.") The meeting must, however, be held to consider individual applicants; that is, the meeting must revolve around a specific individual or individuals, and not policies. See Ops. Att'y Gen. 91-070 and 87-080.[2]
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] I would caution, however, against any presumption that the holding in Pickens does not extend to subgroups composed of members and non-members of a board. The court was clearly concerned in Pickens with the prospect of circumventing the FOIA through the use of committees.258 Ark. at 75. See also Arkansas Freedom of Information Act, supra, at 45, 232. The fact that it may be difficult, as a practical matter, to successfully contend that there is no decision-making authority where board members sit on the committee may further suggest the prudence of assuming that the FOIA applies.
[2] It was concluded in Opinion 87-080 that the governing body of a university could not conduct an executive session for the purpose of setting the policy and criteria to be utilized in the search for a new president. The meeting must, instead, relate to a specific individual or individuals.