The Honorable Allen Gordon State Senator P.O. Box 558 Morrilton, AR 72110
Dear Senator Gordon:
This is in response to your request for an opinion on the following questions:
 1. Does the school board have the right to exclude a member, whose spouse is suing the district, from participation, discussions, and negotiations concerning that suit?
 2. Does the school board have the right to confer with its attorneys in closed session or does the FOI Act prevent the board from discussing this matter privately with counsel?
You state that the Shirley School District is currently being sued by thirteen of its present and former teachers over a salary underpayment, and that one of the plaintiffs is the wife of the vice-president of the school board.
I assume, with regard to your first question, that there is no local procedural rule or guideline governing this matter, nor has my research yielded any helpful state statutory authority. Arkansas Code Annotated §6-13-619 simply states, under subsection (c)(3), that "[i]f a member announces a conflict of interest with regard to the issue, the member may leave the meeting until the voting on the issue is concluded, and the member who abstains from voting thereby shall not be counted as having voted." The statute does not, however, address the circumstances under which a conflict of interest must be announced.
While the board member may well have a conflict that would prevent him from participating in a decision concerning the case, such as an agreement to settle the matter, I cannot conclude, in the absence of some statutory authority or local governing rule or guideline, that the school board can make that determination and exclude the member from its proceedings.[1] The question of the existence of a conflict probably presents a factual issue. And the school board's authority to act as a factfinder in resolving the issue is not clearly established under state law. In the absence of some governing rule or guideline, therefore, it is my opinion that the answer to your first question is in all likelihood "no."
In response to your second question, the Arkansas Freedom of Information Act ("FOIA") does not permit a school board to conduct a closed, i.e., executive session to confer with its attorneys. The right to meet in executive session will not be inferred but must be clear either from the FOIA or from another specific statute. See generally Baxter CountyNewspapers, Inc. v. Medical Staff of Baxter General Hospital, 273 Ark. 511,622 S.W.2d 495 (1981) and Laman v. McCord, 245 Ark. 401, 432 S.W.2d 753
(1968). The FOIA makes no such exception to the open meetings requirement, nor has my research disclosed a separate statute permitting closed meetings for this purpose. Thus, when the school board meets to discuss pending litigation, this must be an open meeting.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Elisabeth A. Walker.
Sincerely,
WINSTON BRYANT Attorney General
WB:EAW/cyh
[1] School directors are public officers, and the Arkansas Supreme Court has stated that the rules regarding their powers are the same as those applicable to the powers of public officers generally. See Williamsv. Douglas, 251 Ark. 555, 473 S.W.2d 896 (1971). In this regard, an officer would generally be disqualified from participating in a decision involving his own pecuniary interest. See generally Van Hovenberg v.Holman, 201 Ark. 370, 144 S.W.2d 719 (1940).