The Honorable Charlotte Schexnayder State Representative P.O. Box 220 Dumas, Arkansas 71639-0220
Dear Representative Schexnayder:
This opinion is being issued in response to your recent questions regarding the Freedom of Information Act (FOIA). You have presented the following questions:
 (1) Does a verbal announcement made at the end of a properly called public meeting of a government agency, calling a special meeting to be held the following Saturday morning satisfy the notification requirements of the FOIA?
 (2) Does notice that is faxed to the media during the night, calling a special meeting for 7:00 a.m. the following morning satisfy the notification requirements of the FOIA?
 (3) What constitutes notification of the media as required by the FOIA: A fax? An E-Mail message? A telephone message left with another person? A message left on an answering machine?
 (4) Is an informal committee that is composed of representatives of three separate government agencies, and that meets regularly to discuss inter-agency issues and policies and makes recommendations to their agencies, subject to the provisions of the FOIA?
RESPONSE
Question 1 — Does a verbal announcement made at the end of a properlycalled public meeting of a government agency, calling a special meetingto be held the following Saturday morning satisfy the notificationrequirements of the FOIA?
It is my opinion that such an announcement can satisfy the notification requirements of the FOIA, provided that the following conditions are met: (1) The following Saturday morning is more than two hours away; (2) Representatives of all media agencies who are entitled to notice of special meetings are present at the time of the announcement; and (3) The announcement included the time, place, and date of the special meeting.
The FOIA sets forth three notice requirements for special meetings. First, the notice must be given at least two hours in advance of the special meeting. A.C.A. § 25-19-106(b)(2). Second, certain media agencies are entitled to notice of the special meeting. Those who are entitled to notice are:
 . . . the representatives of the newspapers, radio stations, and television stations, if any, located in the county in which the meeting is to be held, and any news media located elsewhere which cover regular meetings of the governing body, and which have requested to be so notified of emergency or special meetings. . . .
Id. Third, these entities must be informed of the time, place, and date of the meeting. Id.
If the three conditions discussed above were met, I must conclude that the announcement satisfied the requirements of the FOIA.
Question 2 — Does notice that is faxed to the media during the night,calling a special meeting for 7:00 a.m. the following morning satisfy thenotification requirements of the FOIA?
It is my opinion that notice that is faxed to the media during the night, calling a special meeting for 7:00 the following morning does not satisfy the notification requirements of the FOIA, if it is known that no one will be present to receive the fax at the time that it is sent. Although such notice would most likely comply with the two-hour requirement of the Act, it would, in most cases, defeat the purpose of the Act and of the Act's notice requirements.
I have previously taken the position that "meetings cannot be set in such a way as to effectively avoid the public meeting requirement of the FOIA." See Op. Att'y Gen. No. 92-162. Moreover, the Arkansas Supreme Court has stated:
 In construing legislation and Constitutional provisions, it is the duty of the courts to ascertain and give effect to the intent of the framers and to the people who adopted it, even though the true intention, though obvious, has not been expressed by the language employed when given its literal meaning; that the courts are confined to the real purpose and intention of the language rather than to the literal verbiage employed; that the reason, spirit, and intention of the legislation or Constitutional provision shall prevail over its letter; that this rule of construction is especially applicable where adherence to the letter would result in absurdity or injustice, or would lead to contradiction, or would defeat the plain purpose of the law.
Ark. Gazette Co. v. Pickens, 258 Ark. 69, 74, 522 S.W.2d 350 (1975). The court noted that the legislature had, in its statement of policy, emphatically expressed the purpose of the FOIA as being that "public business be performed in an open and public manner." Id. It should also be noted that the Act states that notice of special meetings is to be given "in order that the public shall have representatives at the meeting." A.C.A. § 25-19-106(b)(2).
It is my opinion that a notice that is faxed during the night, announcing a special meeting for 7:00 the following morning, if it is known that no one will be present to receive the fax at the time that it is sent, would defeat the purpose of the FOIA and its notice requirements. Such notice would not afford the public an opportunity to arrange to have representatives at the meeting, and would therefore contravene the Act's purpose of assuring that public business be performed in an open and public manner. Thus, such notice would, in my opinion, violate the Act.
Question 3 — What constitutes notification of the media as required bythe FOIA: A fax? An E-Mail message? A telephone message left with anotherperson? A message left on an answering machine?
The FOIA does not specify the form in which notice of public meetings must be given. It is my opinion that in order to determine whether a particular form of notice satisfies the requirements of the Act, reference must be made to the purpose of the Act and of its notice requirements. As indicated in response to Question 2, the Arkansas Supreme Court has noted that the purpose of the FOIA is to assure that "public business be performed in an open and public manner." Ark. Gazette Co. v. Pickens,258 Ark. 69, 74, 522 S.W.2d 350 (1975). In addition, as also noted in response to Question 2, the Act itself indicates that notice should be given in such a way as to afford the public an opportunity to arrange to have representatives present at the meeting. A.C.A. § 25-19-106(b)(2).
I must conclude that a determination of whether any particular form of notice satisfies the requirements of the FOIA must be made on a case-by-case basis, taking into consideration all the surrounding facts and circumstances for the purpose of ascertaining whether the purpose of the Act and of its notice requirements has been served. I therefore cannot opine generally and conclusively as whether or not all fax messages, all E-Mail messages, all telephone messages, or all answering machine messages satisfy the requirements of the Act. Such messages must be evaluated individually.
Question 4 — Is an informal committee that is composed of representativesof three separate government agencies,[1] and that meets regularly todiscuss inter-agency issues and policies and makes recommendations totheir agencies, subject to the provisions of the FOIA?
It is my opinion that whether such a committee would be subject to the requirements of the FOIA would depend upon certain facts of which my office has not been apprised. For this reason, I am unable to opine conclusively as to whether the committee about which you have inquired is subject to the FOIA. However, I will set forth the legal parameters that are generally applied to such an inquiry. An awareness of those parameters may be of assistance to you in assessing the situation.
The committee that you have described could conceivably be subject to the FOIA on two different grounds: (1) The role and function of the committee itself; or (2) The fact that the committee's meetings could constitute meetings of the governing bodies that are represented on the committee. Therefore, the scenario that you have described gives rise to two separate inquiries: (1) Is the committee itself subject to the FOIA?; and (2) Do the meetings of the committee constitute meetings of the represented governing bodies, which would be subject to the FOIA regardless of whether the committee itself is subject to the FOIA?
Whether The Committee Itself is Subject to the FOIA
The primary consideration in determining whether the committee itself is subject to the FOIA is the role of the committee. The FOIA only applies to "governing bodies." Professor John Watkins, author of Arkansas Freedomof Information Act (2d ed., mm Press 1994) and leading commentator on the FOIA, has taken the position that the pertinent factor in determining whether a particular group constitutes a "governing body" is whether it has decision-making authority. Id. at 46; Baxter County Newspapers v.Medical Staff of Baxter General Hospital, 273 Ark. 511, 622 S.W.2d 495
(1981). In addition, Arkansas case law appears to support a conclusion that even if a body only has the authority to make recommendations to a governing body, that body is subject to the act if the governing body merely rubber-stamps the body's recommendations. Arkansas Gazette v.Pickens, 258 Ark. 69, 522 S.W.2d 350 (1975). Therefore, if the committee about which you have inquired has decision-making authority, or if its recommendations to any of the various represented governing bodies are rubber-stamped, it would then constitute a "governing body" that is subject to the FOIA. (It might be noted in this regard that I have previously opined that meetings of the county judge, the sheriff, the county clerk, the circuit clerk, and the county assessor were not subject to the FOIA, because the group did not constitute a governing body. See
Op. Att'y Gen. No. 87-288.)
Whether the Committee's Meetings Constitute
Meetings of the Represented Governing Bodies
An inquiry into the question of whether the committee's meetings constitute FOIA-governed meetings of the represented governing bodies (thus rendering committee meetings subject to the FOIA) must necessarily focus on two factors: (1) The number of members of the represented governing bodies who attend the meetings;[2] and (2) Whether those members discuss official business of the governing body, as a result of which the governing body could foreseeably take action.
The FOIA's use of the term "meeting" appears to contemplate the presence of more than one member. Watkins, Arkansas Freedom of Information Act
231-32 (2d ed., mm Press 1994). Therefore, if the governing bodies that are represented on the committee send only one member to attend committee meetings, the committee meetings clearly do not constitute meetings of the represented governing bodies.[3]
If, however, the represented governing bodies send more than one member to attend committee meetings, the committee meetings could (depending upon certain factors discussed below) constitute meetings of those represented bodies, thus rendering the committee's meetings subject to the FOIA. It is well established that meetings between members of a governing body and others who are not members of that governing body can be subject to the FOIA. See, e.g., Mayor of El Dorado v. El DoradoBroadcasting Co., 260 Ark. 821, 544 S.W.2d 206 (1976); Arkansas Gazettev. Pickens, 258 Ark. 69, 522 S.W.2d 350 (1975). Moreover, the Arkansas Supreme Court has held that the number of members of the governing body attending such a meeting does not have to be a quorum in order for the FOIA to apply. Mayor of El Dorado v. El Dorado Broadcasting Co.,260 Ark. 821, 544 S.W.2d 206 (1976). The court has declined to draw a line at any particular number of attendees for the purpose of determining whether a meeting has occurred. Mayor of El Dorado v. El Dorado Broadcasting Co.,260 Ark. 821, 544 S.W.2d 206 (1976). Indeed, the court has indicated that the specific number of members in attendance is not dispositive of the question. Arkansas Gazette v. Pickens, 258 Ark. 69, 522 S.W.2d 350
(1975). See also Ops. Att'y Gen. Nos. 95-227 and 91-225. Rather, for purposes of determining whether the FOIA applies to a particular meeting, the court has consistently focused upon what has occurred at the meeting in question, and what action can be taken as a result of the meeting.
Therefore, once it has been determined that more than one member of the governing body is in attendance at a meeting, the focus must shift to the question of what those members discuss during that meeting, and what action their governing bodies can take as a result of their discussions. The Arkansas Supreme Court has indicated that the question of whether a meeting of less than a quorum of a governing body is subject to the FOIA will turn upon the whether those members discuss official business, and upon whether the governing body that they represent can foreseeably take action as a result of their discussion. More specifically, the court has stated that the FOIA applies to any meeting of members of a governing body (whether of a quorum or less) called "for the purpose of discussing or taking any action on any matter on which foreseeable action will be taken. . . ." El Dorado Mayor v. El Dorado Broadcasting Co.,260 Ark. 821, 824, 544 S.W.2d 206 (1976).
I therefore conclude that the committee about which you have inquired could be subject to the FOIA if:
(1) It has decision-making authority; or
 (2) The governing bodies that are represented on the committee merely rubber-stamp the recommendations of the committee; or
 (3) More than one member of the represented governing bodies attend the committee meetings and discuss official business, as a result of which the represented governing bodies can foreseeably take action.
A determination of whether these factors exist will turn upon the particular facts surrounding the committee, considered in light of the legal considerations discussed above. Such a determination will necessarily entail an analysis of those particular facts. Ops. Att'y Gen. Nos. 92-241 and 91-288.
The foregoing opinion, which I hereby approve, was prepared by Assistant Attorney General Suzanne Antley.
Sincerely,
WINSTON BRYANT Attorney General
WB:SBA/cyh
[1] Your question implies, but does not state, that the bodies represented on the committee are subject to the FOIA. In responding to your question, I am assuming that these bodies are, in fact, subject to the FOIA.
[2] It should be noted, however, as discussed below, that the Arkansas Supreme Court has stated, and I have consistently opined, that the number of attendees at a meeting is not, in and of itself, dispositive of the question of whether particular meetings are subject to the FOIA. ArkansasGazette v. Pickens, 258 Ark. 69, 522 S.W.2d 350 (1975); Ops. Att'y Gen. Nos. 95-227 and 91-225.
[3] However, as discussed previously, the committee meetings could nevertheless be subject to the FOIA by virtue of the committee's role or function.