The Honorable Charles Roger Fuqua State Representative 3907 Lankford Street Springdale, AR 72762-6552
Dear Representative Fuqua:
This opinion is in response to your request for an Attorney General's Opinion on the following two questions:
 Is there any state law prohibiting elected officials from serving both as elected officials and as members of the county political party committee?
 Can two or more elected officials, such as, justice of the peace, state representatives, or county elected officials discuss county or state business without giving the press notification of their meeting, or will that be a freedom of information act violation?
 It is my opinion that there is no state law prohibiting an elected official from simultaneously serving as a member of the county committee of a political party, but there are certain restrictions applicable to such service. In response to your second question, there is no violation of the Freedom of Information Act if two or more elected officials discuss county or state business while not providing press notification of the meeting if the officials present do not constitute a "governing body."
 Question One: Is there any state law prohibiting elected officials from serving both as elected officials and as members of the county political party committee?
The legal issues surrounding this question were addressed in Ops. Att'y Gen. 96-334 and 92-238, attached hereto, wherein it was concluded that an elected official may, with certain restrictions, serve as a member or officer of the county committee of a political party.
Question Two: Can two or more elected officials, such as, justice of thepeace, state representatives, or county elected officials discuss countyor state business without giving the press notification of theirmeeting, or will that be freedom of information act violation?
It is my opinion that a Freedom of Information Act ("FOIA") violation would not generally exist if a collection of elected officials meets and discusses county or state business without providing press notification of the meeting, as long as the collection of officials does not constitute a "governing body."
It was opined in Op. Att'y Gen. No. 87-288, that a meeting between the County Judge, County Sheriff, County Clerk, Circuit Clerk, and County Assessor does not constitute a "governing body" under FOIA. However, I opined in Op. Att'y Gen. No 94-167, attached hereto, that a collection of election officials could be subject to the FOIA if: (1) it has decision-making authority, (2) the governing bodies that are represented merely rubber-stamp the recommendations of a committee; or (3) more than one member of a represented governing body attends the meeting and discusses official business, as a result of which the represented governing bodies can foreseeably take action. See Op. Att'y Gen. Nos.94-167 and 96-074. A determination of whether these factors exist will turn upon the particular facts surrounding the collection of elected officials, considered in light of the legal considerations discussed in this opinion and an attached opinion. Such a determination will necessarily entail a factual analysis that the Attorney General's office cannot make.
I can, however, provide legal information to assist in your analysis. In Op. Att'y Gen. No. 94-167 I addressed what constitutes a "meeting" and a "governing body" for purposes of the FOIA. This opinion stated in part:
 The FOIA only applies to "governing bodies." Professor John Watkins, author of Arkansas Freedom of Information Act (2d ed., mm Press 1994) and leading commentator on the FOIA, has taken the position that the pertinent factor in determining whether a particular group constitutes a "governing body" is whether it has decision-making authority. Id. at 46; Baxter County Newspapers v. Medical Staff of Baxter General Hospital, 273 Ark. 511, 622 S.W.2d 495 (1981). In addition, Arkansas case law appears to support a conclusion that even if a body only has the authority to make recommendations to a governing body, that body is subject to the act if the governing body merely rubber-stamps the body's recommendations. Arkansas Gazette v. Pickens, 258 Ark. 69, 522 S.W.2d 350 (1975). Therefore, if the committee about which you have inquired has decision-making authority, or if its recommendations to any of the various represented governing bodies are rubber-stamped, it would then constitute a "governing body" that is subject to the FOIA.
 Further legal analysis to the question you present is provided in Op. Att'y Gen. No. 96-074, hereto attached.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB/ECW/LS:cyh