The Honorable Douglas C. Kidd State Representative P.O. Box 137 Benton, Arkansas 72018-0137
Dear Representative Kidd:
This is in response to your request for an opinion on three questions concerning the textbook selection process in the public schools. You note that the Arkansas Department of Education State Textbook Selecting Committee meets from time to time, and a recent meeting was held to initially review mathematical textbooks from thirty publishers who have presented bids to the state. The Committee will meet again, according to your letter, on August 3, 1998. Your questions in this regard are as follows:
 1. Is the Arkansas Department of Education legally allowed to close this meeting to the public and other interested parties?
 2. Is it appropriate for public school teachers and supervisors to provide workshop instruction during the summer months for other public school personnel on mathematical material on the state math bid for textbook adoption?
 3. Are employees of the Arkansas Department of Education and the Arkansas State Systemic Initiative allowed to promote math materials currently under evaluation by the Arkansas State Textbook selecting committee?
It is my opinion that the answer to your first question will depend upon the facts regarding the operation of the Committee.
The Arkansas Textbook Selection Committee is mentioned only one time in the Arkansas Code, at A.C.A. § 6-21-404(a)(1), which authorizes the State Board of Education to "[m]ake rules and regulations to implement this subchapter and [to] provide for a statewide textbook selectioncommittee." (Emphasis added). Section 3.03 of the "Rules and Regs Governing the Purchase of Instructional Materials by Arkansas School Districts" defines the "State Textbooks/Instructions Materials Selecting Committee (state committee)" as "individuals recommended by the Director of General Education and approved by the State Board to examine textbooks and other instructional materials and make recommendations for the State Recommended List." (Emphasis added). The same rules also provide that theState Board "will adopt a State Recommended List of Instructional Materials for each instructional level on all subject matter required by the Arkansas Standards for Accreditation." Id. at Rule 5.01(Emphasis added). The Department of Education will thereafter on an annual basis "prepare and distribute to school districts a State Recommended List" (Id. at Rule 5.04) and "[s]chool districts may select instructional materials from the State Recommended List or may purchase other instructional materials not on the recommended listing." Id. at 5.05.See also A.C.A. § 6-21-405(a) and (b). A separate state statute provides, however, that "[t]he State Board of Education shall make and execute contracts with all publishers whose books, series of books, or instructional materials have been recommended by the state." A.C.A. §6-21-407(a) (Emphasis added).
The question of whether the Statewide Textbook Selection Committee may close its meetings to the public depends upon whether the Committee is subject to the open meetings requirements of the Arkansas Freedom of Information Act, ("FOIA") codified at A.C.A. §§ 25-19-101 to -107 (Repl. 1996 and Supp. 1997). That act provides that:
 Except as otherwise specifically provided by law, all meetings, formal or informal, special or regular, of the governing bodies of all municipalities, counties, townships, and school districts and all boards, bureaus, commissions, or organizations of the State of Arkansas, except grand juries, supported wholly or in part by public funds or expending public funds, shall be public meetings.
A.C.A. § 25-19-106(a) (Repl. 1996).
It has been stated that "[t]he FOIA's open meeting requirements apply to meetings of groups other than committees composed of members of the governing body, if decision-making authority has been delegated to those groups." Watkins, The Arkansas Freedom of Information Act, (mm Press 1994), at 45, citing Baxter County Newspapers, Inc., v. Medical Staff ofBaxter General Hospital, 273 Ark. 511, 622 S.W.2d 495 (1981). See also
Op. Att'y Gen. 94-339.
In Op. Att'y. Gen. 96-074 the applicability of the FOIA to "committees" was addressed. It was stated therein that:
 The FOIA only applies to `governing bodies.' Professor John Watkins, author of Arkansas Freedom of Information Act (2d ed., mm Press 1994) and leading commentator on the FOIA, has taken the position that the pertinent factor in determining whether a particular group constitutes a `governing body' is whether it has decision-making authority. Id. at 46; Baxter County Newspapers v. Medical Staff of Baxter General Hospital, 273 Ark. 511, 622 S.W.2d 495 (1981). In addition, Arkansas case law appears to support a conclusion that even if a body only has the authority to make recommendations to a governing body, that body is subject to the act if the governing body merely rubber-stamps the body's recommendations. Arkansas Gazette v. Pickens, 258 Ark. 69, 522 S.W.2d 350 (1975). Therefore, if the committee about which you have inquired has decision-making authority, or if its recommendations to any of the various represented governing bodies are rubber-stamped, it would then constitute a `governing body' that is subject to the FOIA.
At first blush, it appears that the Statewide Textbook Selection Committee has not been delegated any express authority by statute or regulation, other than to make "recommendations" to the State Board of Education as to the instructional materials to be included on the State Recommended List. It is the State Board which must "adopt" the list. Nevertheless, a state statute provides that the State Board of Education will make and execute contracts with all publishers whose books have beenrecommended by the state. A.C.A. § 6-21-407(a) (emphasis added). There is some ambiguity, in my opinion, as to whether the reference "recommended by the state" refers to the recommendations of the Committee or to the ultimate adoption of the list by the State Board. The statute is not entirely clear in this regard. In any event, if the recommendations of the Committee are routinely rubber-stamped (and/or are required by A.C.A. § 6-21-407(a) to be accepted), this fact may, in the eyes of a court, transform the Committee into what has been called a "de facto governing body" whose meetings are governed by the FOIA. See generally,
Watkins, supra at 48, 49.
In answer to your first question, therefore, if acceptance of the recommendations of the Statewide Textbook Selection Committee is made mandatory by A.C.A. § 6-21-407(a) or if such recommendations are routinely rubber-stamped by the State Board, the Committee may well be deemed a "de facto governing body" for purposes of the FOIA, and its meetings would be required to be open to the public.
Your second and third questions do not appear to be addressed by any relevant law. I cannot, in the context of an official Attorney General opinion, determine whether certain actions are "appropriate," as opposed to legal or constitutional. Thus, with regard to your second question, the issue of whether it is "appropriate" for public school teachers and supervisors to provide workshop instruction during the summer months for other public school personnel on math materials on the "state math bid for textbook adoption," is not one of law on which I can express an opinion. There is an Arkansas statute (A.C.A. § 6-21-410 (Supp. 1997), which sets out illegal activities of school district and Department personnel with regard to distribution of textbooks, but it does not appear that you mean to allege any conduct falling within that statute.
Again, with respect to your third question, the issue does not appear to be addressed by law. An answer to this question would require reference to all the facts and circumstances in light of some particular statutory prohibition.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh