The Honorable Peggy Jeffries State Senator 1122 Waldron Road Fort Smith, Arkansas 72903
Dear Senator Jeffries:
This is in response to your request for an opinion on six questions concerning the "medical board" appointed by the Board of Trustees of the Arkansas Teachers' Retirement System. Your questions are as follows:
 1. Does the Board of Trustees of the Arkansas Teacher Retirement System have the authority to appoint a medical board?
 2. Does the Board of Trustees of the Arkansas Teacher Retirement System have the authority to pay the individuals it appoints to the medical board?
3. Must the medical board publicize its meetings to the general public?
 4. Must the medical board give prior notice of its meetings to individuals requesting to be notified of such?
 5. Does the medical board have the authority to meet in executive session?
 6. Is the medical board mandated to follow all provisions of the Arkansas Freedom of Information Act?
It is my opinion that the answer to your first question is "yes." Section24-7-303(f) (Supp. 1997) clearly provides that: "[t]he board shall appoint a medical committee consisting of three physicians."
In my opinion the answer to your second question is also "yes." Although the issue is not directly addressed in the relevant statute, the intention of the General Assembly to authorize payment for service on this committee can be gleaned from a reading of the statute as a whole. After setting out the requirements that the Board select a chairman and vice chairman, appoint an executive director, and provide for expense reimbursement of trustees, section 24-7-303 provides in pertinent part that:
 (d) The board shall appoint an actuary or a firm of actuaries to be technical advisor to the board on matters regarding the operation of the system on an actuarial basis. The actuary shall perform such duties as are required of him under this act and as are required of him by the board from time to time.
 (e)(1) The board shall appoint a professional investment counsel to be investment advisor to the board.
 (2) No investment shall be made by the board until it has received the advice of its investment advisor.
 (f) The board shall appoint a medical committee consisting of three physicians.
 (g) The executive director shall have the authority to employ such other professional and clerical services, and to purchase such equipment and supplies, as are required for the proper operation of the system, subject to the approval of the board.
 (h)(1) The compensation of the persons engaged by the board shall be consistent with the pay plan of the state.
The statute above contemplates compensation for persons "engaged" by the Board, and in my opinion this language includes the members of the medical committee referred to earlier in the statute.
Your third, fourth, fifth, and sixth questions all involve access to the meetings of the medical committee. In order to address each question, it is necessary to determine as an initial matter whether the "medical committee" is a "governing body" for purposes of the Arkansas Freedom of Information Act, such that it is subject to the open meetings requirements of that law. It is my opinion, generally, that the committee is subject to the Act's provisions. The FOIA states that:
 (a) Except as otherwise specifically provided by law, all meetings, formal or informal, special or regular, of the governing bodies of all municipalities, counties, townships, and school districts and all boards, bureaus, commissions, or organizations of the State of Arkansas, except grand juries, supported wholly or in part by public funds or expending public funds, shall be public meetings.[1]
A.C.A. § 25-19-106(a).
The medical committee members are not, to my knowledge, also members of the Board of Trustees of the Arkansas Teachers' Retirement System. That governing body is thus not at issue. Nonetheless, it must be determined whether the medical committee is itself a "governing body" for purposes of the FOIA. It is supported wholly or in part by public funds to the extent the committee members receive public salaries or funds. It has been stated that: "The FOIA's open meeting requirements apply to meetings of groups other than committees composed of members of the governing body, if decision-making authority has been delegated to those groups." Watkins, The Arkansas Freedom of Information Act, (mm Press 1994), at 45, citing Baxter County Newspapers, Inc., v. Medical Staff of BaxterGeneral Hospital, 273 Ark. 511, 622 S.W.2d 495 (1981). See also Op. Att'y. Gen. 94-339. In my opinion the medical committee has been delegated such authority, at least in some instances. The law provides that a member may be retired:
 only if, after a medical examination of the member made by or under the direction of the medical committee, the medical committee reports to the board, by majority opinion in writing, that the member is physically or mentally totally incapacitated for the further performance of duty, that the incapacity will probably be permanent, and that the member should be retired.
A.C.A. § 24-7-704(a)(1)(B) (Supp. 1997).
Section 24-7-704 (c)(4) provides that:
 If, upon the medical examination of the retirant, the medical committee reports to the board that the retirant is physically and mentally able and capable of resuming his duty as a teacher in the position held by him at the time of disability retirement, then his disability retirements shall terminate. (Emphasis added).
The medical committee has been delegated authority beyond that to make recommendations to the Board. The relevant statutes appear to give the committee authority to make the requisite determinations. In my opinion, therefore, it will be considered a "governing body" for purposes of the FOIA, and thus subject to the open meetings requirements of that law.See Baxter County Newspapers, supra.
That being said, the answer to question six is "yes." The answer to question four is also "yes." The FOIA requires that prior notice of regular meetings be given to individuals who have requested such notice. Notice of special meetings must be given to news media located in the county and to any media located outside the county which cover regular meetings and have requested notice.
The answer to question three, however, is "no." There is no requirement in the FOIA, for either regular or special meetings, that notice be given to the general public. One is entitled to notice of meetings only if he has requested it. See generally, Watkins, supra, 254-257.
The only question left for resolution is question five, which concerns the legality of "executive sessions" of the committee. Because the committee is subject to the provisions of the FOIA, it would theoretically also be entitled to hold executive sessions for the purpose of "considering employment, appointment, promotion, demotion, disciplining, or resignation of any public officer or employee."[2]
A.C.A. § 25-19-106(c)(1). This is the only express exception contained in the FOIA itself for holding executive sessions. It would appear, however, that your question in this regard does not refer to meetings held to discuss these issues, but rather to the more regular subject matter of the committee's discussion, which is the status of particular Teachers' Retirement System members as regards disability retirement. This subject matter does not come within the § 25-19-106(c)(1) exception. Clearly, any medical records the committee discusses or has possession of will be eligible for an exemption under A.C.A. §25-19-105(b)(2). There is no express exception, however, exempting ameeting concerning medical records or information from the open meetings requirements of the act where it does not fall within the §25-19-106(c)(1) executive session exception.
Thus, although the medical committee could hold an executive session to consider one of the personnel issues enumerated in A.C.A. §25-19-106(c)(1), it is not legislatively authorized, as a general matter, to hold executive sessions to determine the eligibility of members for disability retirement. I have found no other specific law to this effect. It has been stated, however, that the "right to privacy developing under the U.S. Constitution may require that certain proceedings be closed when matters of a personal nature are under consideration." Watkins, supra at 249. See also Op. Att'y Gen. 96-009 at n. 2. A case-by-case analysis of the applicability of this principle would be required as to each meeting. It may not, in my opinion, be invoked across the board by the committee to conduct executive sessions.
The foregoing opinion, which I hereby approve, was prepared by Deputy Attorney General Elana C. Wills.
Sincerely,
WINSTON BRYANT Attorney General
WB:ECW/cyh
[1] Additionally, as regards the Arkansas Teachers' Retirement Board itself, § 24-7-304 (e) (Supp. 1997) provides that "[a]ll meetings of the board shall be public."
[2] In my opinion, the statute requiring all meetings of the "board" to be open to the public does not apply to the meeting of the medical committee, which appears to be a separate entity.