Mr. Walker Dale Garrett Attorney at Law P.O. Box 3618 Fayetteville, Arkansas 72702-3618
Dear Mr. Garrett:
I am writing in response to your request, presumably made pursuant to A.C.A. § 25-19-105(c)(3)(B), for an opinion on whether your decision with regard to the release of records in possession of the Mena Medical Center is consistent with the provisions of the Arkansas Freedom of Information Act ("FOIA") codified at A.C.A. § 25-19-101 to -107 (Repl. 1996 and Supp. 1999). You have supplied a copy of an FOIA request made upon you, as attorney for the Mena Medical Center, which requests the following documents:
 1. Each and every document, piece of paper, communication, note, and/or minutes wherein there was any consideration to grant, deny, and/or continue privileges to [an individual physician];
 2. A copy of any and all correspondence sent or received to any person, hospital, agency or company concerning the qualifications and past medical practice of [an individual physician.]
The requester notes that the FOIA request is addressed to you, as attorney for the Mena Medical Center, in light of the fact that the requester (also an attorney) is pursuing litigation against the Mena Medical Center on behalf of a client. You have responded to this FOIA request by letter stating the following:
 1. I believe that some of the items requested are privileged and confidential pursuant to A.C.A. § 20-9-503.
 2. Some of the items you have requested contain information regarding specific patients of the Mena Medical Center and a description of treatment received at the Mena Medical Center. Patients' names are included within the information requested. I believe that this is exempt pursuant to A.C.A. § 25-19-105(b)(2).
 3. Some of the information requested does consist of personnel records. I believe that this is exempted under A.C.A. § 25-19-105(b)(10).
 4. Some of the items requested include information from the National Practitioner Data Bank. The National Practitioner Data Bank declares their information confidential and has advised the Mena Medical Center that a production of the information to a third party would be in violation of Title IV of Public Law 99-660, as amended, as is subject to a civil money penalty of up to $11,000 for each violation.
 5. Some of the information requested was derived from the American Medical Association. The American Medical Association declares that the information is confidential and prohibits its release to third parties unless agreed to in writing by the American Medical Association.
6. The items you have requested are not specifically identified.
In your response letter, you note that you provided the requester with "identical information and documentation except for information and documentation that was believed to be privileged and confidential." By copy of your response letter, you are requesting an opinion on whether the position taken by the Mena Medical Center is consistent with the provisions of the Arkansas Freedom of Information Act.
RESPONSE
Before addressing the particular points raised by your request, some preliminary comments are necessary.
First, my authority to issue legal opinions to FOIA requestors, custodians, and subjects is specified in A.C.A. § 25-19-105(c)(3)(B). That authority is restricted to the issuance of opinions involving personnel and employee evaluation or job performance records. See A.C.A. § 25-19-105(c)(3)(A) and (B), and Acts 1987, No. 49 Sections 1(d) and 5. The FOIA request at issue here concerns the qualifications, past medical practice and staff privileges of a physician at what I presume is a public hospital. It is clear that the accordance of staff privileges at a hospital does not equate to a finding that a physician is a public officer or employee. See Baxter County Newspapers Inc. v. Medical Staffof Baxter General Hospital et al., 273 Ark. 511, 622 S.W.2d 495 (1981) (holding that the doctor at issue in that case was "not a public officer nor an employee of the hospital. His status is that of an individual who has certain privileges extended to him by the county hospital, which public owned, operated, and supported by public funds"). Id. at 514. I am somewhat uncertain, therefore, to what extent the documents in question are "personnel" or "employee evaluation" or "job performance records," such that I am authorized to issue an opinion under A.C.A. §25-19-105(c)(3)(B). You do indicate that some of the records are "personnel records." To the extent that you are referring to actual "personnel" of the hospital and not to the physician in question, I am authorized to respond to that portion of your request.
Second, the requestor notes that there is litigation pending against the hospital in a dispute giving rise to this FOIA request. You have not indicated that the issue surrounding release of these records has become an issue before the presiding judge in the litigation. It is my policy to decline to issue formal Attorney General opinions on questions which are the subject of pending litigation. The presiding judge is of course invested with power over such questions. Assuming that no issue has arisen in the litigation as to the availability of the documents you describe, I can, consistently with my policy, address their release. Recognize, however, that the judge presiding over the litigation may have ultimate authority over the issue, should it be presented to the court.
Third, you have not provided me with the actual records in question. I cannot, therefore, come to any definitive conclusions as to their public nature. I can, however, set out some general precepts of law surrounding the issue to guide the correct legal analysis.
As an initial matter, I can tell you that reliance on A.C.A. § 20-9-503
to prevent release of the documents under the FOIA is misplaced. That statute does not mention the FOIA, but, rather, merely states that the "proceedings and records of a peer review committee, as defined in §20-9-501, shall not be subject to discovery or introduction into evidence in any civil action. . . ." That statute only addresses the use of such records in litigation. Cf. Baxter County Newspapers v. Medical Staff ofBaxter General Hospital, supra (concluding that former Ark. Stat. Ann. § 28-934 "deals with the admissibility of evidence or testimonial privilege" and that "we do not find those statutes create a specific exception to the FOI as is required). Id. at 513.
The relevant statute is, rather, A.C.A. § 16-46-105 (the amended version of former Ark. Stat. Ann. § 28-934). It provides that:
 (a)(1)(A) The proceedings, minutes, records, or reports of organized committees of hospital medical staffs or medical review committees of local medical societies having the responsibility for reviewing an evaluating the quality of medical or hospital care, and any records, other than those records described in subsection (c) of this section, compiled or accumulated by the administrative staff of such hospitals in connection with such review or evaluation, together with all communications or reports originating in such committees, shall not be subject to discovery pursuant to the Arkansas Rules of Civil Procedure or the Freedom of Information Act of 1967, § 25-19-101 et seq., or admissible in any legal proceeding and shall be absolutely privileged communications.
A.C.A. § 16-46-105(a)(1)(A), as amended by Acts 1995, No. 885. (Emphasis added).
I cannot, as a practical matter (having not reviewed the actual records) and am not authorized to, as a legal matter (because they are neither "personnel" nor "employee evaluation or job performance records") come to any conclusions as to the correctness of your determination under this statute. I will note that it has been characterized as a valid, specific, exception to the FOIA. See Op. Att'y Gen. 96-116.
The same may be said for "medical records." Numerous Attorney General opinions define such records as those "containing information relating to the treatment or diagnosis of a medical condition." See, e.g., Ops. Att'y Gen. Nos. 2000-130; 99-110; 98-202; 89-147. Again, for the reasons stated above, I cannot come to any conclusions as to whether "medical records" are in fact included in the documents you describe and therefore properly shielded from public inspection under the Act.
You also note that some of the requested records are "personnel records" which you deem to be exempted under A.C.A. § 25-19-105(b)(10). Even if the records in question, as noted above, pertain to actual "personnel" of the hospital, and not to the physician in question, it is my opinion that A.C.A. § 25-19-105(b)(10) does not provide a blanket exception for such records. That subsection exempts "personnel records to the extent that disclosure would constitute clearly unwarranted invasion of personal privacy. . . ." As stated in Op. Att'y Gen. 2000-130:
 "[P]ersonnel records" must be released unless the release of such records would constitute a "clearly unwarranted invasion of personal privacy." A threshold determination that the custodian must make, therefore, is which of the records constitute "personnel records." The FOIA does not define the term "personnel records." Whether a particular record constitutes a "personnel record," within the meaning of the FOIA is, of course, a question of fact that can only be determined upon a review of the record itself. However, the Attorney General has consistently taken the position that "personnel records" are all records, other than employee evaluation/job performance records, that pertain to individual employees, former employees, or job applicants. See, e.g., Op. Att'y Gen. No. 99-147, citing Watkins, The Arkansas Freedom of Information Act (m m Press, 3rd Ed., 1998) at 134.
 If the records that you have requested are, in fact, "personnel records," the ensuing issue is whether their release would constitute a clearly unwarranted invasion of the personal privacy of the employee whose records they are.
 The FOIA does not define the phrase "clearly unwarranted invasion of personal privacy." However, the Arkansas Supreme Court has construed the phrase. In determining which disclosures constitute a "clearly unwarranted invasion of personal privacy," the court applies a balancing test. The court will weigh the interest of the public in accessing the records against the individual's interest in keeping the records private. See Young v. Rice, 308 Ark. 593, 826 S.W.2d 252
(1992). If the public's interest outweighs the individual's interest, the release of the records will not constitute a "clearly unwarranted invasion of personal privacy."
Opinion No. 2000-130, pp. 2-3.
In this regard, however, if records contain both exempt and nonexempt information, the public entity must release the records with the exempt information deleted. A blanket denial of access in such a case is impermissible. See, e.g., Op. Att'y Gen. Nos. 99-283; 97-286, 97-077 and 96-193.
As to the records you describe that include information from the "National Practitioner Data Bank," again, it does not appear that the question as to the release of these records is within my authority under A.C.A. § 25-19-105(c)(3)(B). I will simply note the possible preemptive effect of 42 U.S.C. § 11137(b) (a provision of the "Health Care Quality Improvement Act" P.L. 99-660) as interpreted by such decisions as Hollandv. Muscatine General Hospital, 971 F.Supp. 385 (S.D. Iowa 1997); Brownv. Presbyterian Healthcare Services, 101 F.3d 1324 (10th Cir 1996), cert denied 520 U.S. 1181 (19); Pagano v. OrovilleHospital, 145 F.R.D. 683 (E.D. Cal. 1993); Manthe v. VanBolden,133 F.R.D. 497 (N.D. Tex. 1991); and Wei v. Bodner,127 F.R.D. 91 (D.N.J. 1989).
Similarly, my authority does not extend to opining on the releasability of records obtained from the American Medical Association. I will restate, however, my recent conclusion in Opinion No. 99-305 that "the concept of "privileged" documents does not obtain under the FOIA. If records fit within the definition of "public records" under A.C.A. §25-19-103(1), they are open to public inspection and copying under the FOIA except to the extent they are covered by a specific exemption in that Act or some other pertinent law." Op. Att'y Gen. 99-305 at 2.
As to your objection that the items requested are not specifically identified, I can point you to such previously-issued Attorney General opinions as 96-354 and 92-289, in which it was concluded that: ". . . an agency may require some reasonable identification of the records sought; however, the requester is not required to provide a specific description of the records or explain why she wants the records." Opinion 96-354 at 3 (footnote 1). See also Opinion 92-289, stating that: "While a specific description of the records is not necessary, this office has previously opined that "some reasonable identification of the records sought . . . is an acceptable requirement that may be imposed by an agency." Id. at 2quoting Op. Att'y Gen. 82-122.
Senior Assistant Attorney General Elana C. Wills prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:ECW/cyh