The Honorable George L. McKee Mayor, City of Mena 520 Mena Street Mena, AR 71953
Dear Mayor McKee:
I am writing in response to your request for an Attorney General's opinion concerning the release of certain records under the Arkansas Freedom of Information Act ("FOIA"), A.C.A. §§ 25-19-101 — 109 (Repl. 2002 and Supp. 2007). You have provided a copy of the FOIA request, which seeks access to records concerning the management of the city-owned hospital, the Mena Regional Health System ("MRHS"), by Quorum Health Resources ("Quorum"). You state that MRHS is governed by an appointed hospital commission (the Mena Hospital Commission, hereinafter "Commission") and that Quorum's management contract with the Commission is being re-negotiated at this time. You have submitted copies of a number of records that document communications to you concerning "personnel" issues involving the Quorum management. You report in this regard that many of the employees felt they had followed the "chain of command" to no avail and sought help through you, as mayor. You further report that these documented communications are currently under investigation by an independent investigator hired by the city and the Commission.
RESPONSE
With the exception of two records contained in the materials you have submitted, I must respectfully decline to opine regarding the release of these documents. My authority to issue legal opinions to FOIA requestors, custodians, and subjects is specified in A.C.A. §25-19-105(c)(3)(B). That authority is restricted to the issuance of opinions involving "personnel" and employee "evaluation or job performance records." Although official Attorney General opinions are issued on *Page 2 
questions of state law to various state officials pursuant to other statutory directives, see A.C.A. § 25-16-706 (Repl. 2002), my authority to opine under A.C.A. § 25-19-105 does not extend beyond questions relating to "personnel or evaluation records." As explained further below, with two exceptions, the documents you have submitted do not appear to fall into either of these categories.
This is not to say that these records are necessarily either open or closed to public inspection under the FOIA. My response should not be construed as commenting on any issues pertaining to the records' release, other than as discussed below. I am simply unable to respond to your request as it pertains to non-personnel or evaluation records, owing to the limited scope of the directive under A.C.A. §25-19-105(c)(3)(B). You may find it advisable to relay your question to your city attorney or other local counsel, who can advise you how best to proceed based upon the particular surrounding facts and circumstances.
According to my understanding, the Commission has complete charge of MRHS, pursuant to A.C.A. § 14-264-101 — 107 (Repl. 1998). While I do not have specific information regarding the appointment of the Commission, I assume that the city council took action to create the Commission under the authority of these statutes, and that the members were appointed by you, as mayor, and confirmed by the council pursuant to A.C.A. §14-264-103. Subsection 14-264-104(a) provides that "[t]he commissioners appointed pursuant to this chapter shall have full and complete authority to manage, operate, maintain, and keep in a good state of repair the municipal hospital." Subsection 14-264-104(b) further addresses the commissioners' authority as follows:
 The commissioners shall have the right to employ or remove managers and all other employees of whatsoever nature, kind, or character and to fix, regulate, and pay their salaries, wages, or other compensation since it is the intention of this chapter to vest in the commissioners the authority to operate, manage, maintain, and control the municipal hospital and to have full and complete charge of it, including the same discretionary powers afforded to the boards of trustees of benevolent or nonprofit corporations in this state; however, the commissioners shall not have the authority or power to sell, mortgage, or encumber the municipal hospital unless otherwise authorized by the statutes of Arkansas.
A.C.A. § 14-264-104(b) (Repl. 1998) (emphasis added). *Page 3 
Given this authority of the Commission over MRHS's operation and management, it would appear that you, as mayor, have no direct role in making employment decisions with respect to either the employees of MRHS or its administrators. Instead, because of your office, you presumably are in a position to influence those decisions indirectly, perhaps through the current management contract renegotiations. Accordingly, it may reasonably be surmised that the documented communications at issue concerning the administration of MRHS represent the concerns of your constituents, directed to you in an effort to seek relief from their elected official. In my opinion, this is significant for purposes of assessing the applicability of A.C.A. § 25-19-105(c)(3)(B), and my jurisdiction under the FOIA as regards "personnel" and "employee evaluation" records.
The FOIA does not define the term "personnel records." However, this office has opined that "personnel records" are all records other than evaluation records that relate to the individual employees, former employees, or successful job applicants. See, e.g., Op. Att'y Gen.2000-130.[1] The similarly undefined terms "employee evaluation' and "job performance" records have consistently been interpreted by this office to mean any records created by or at the behest of the employer that detail the performance or lack of performance of the employee in question with regard to a specific incident or incidents. See,e.g., Op. Att'y Gen. Opinion No. 2007-013 (and opinions cited therein). The records must also have been created for the purpose of evaluating an employee. See, e.g., Op. Att'y Gen. 2006-038.[2] Documents not created in the evaluation process do not come within the rationale of the provision governing employee evaluation/job performance records.See Op. Att'y Gen. 2001-184. The exemption promotes candor in a supervisor's evaluation of an employee's performance with a view toward correcting any deficiencies. See J. Watkins R. Peltz, The ArkansasFreedom of Information Act (mm Press, 4th ed. 2004) at 196.
Applying these general principles to the documents at hand, I must conclude that the evaluation/job performance records provision is inapplicable, given the fact that the documents plainly were not generated at the behest of, or pursuant to the *Page 4 
actions of, a supervisor of the subjects of the records. The status of the records as "personnel records" at first blush presents a closer question, since they are seemingly personnel-related to the extent they pertain to the administration of the city-owned hospital. It becomes apparent upon further review, however, that the records are only indirectly employment-related when considering your indirect involvement in employment matters concerning both the authors and the subjects of the records. This distinguishes your request from other opinion requests made pursuant to A.C.A. § 25-19-105(c)(3)(B) involving employee-related communications which, according to my review, have uniformly been directed either to the employee's supervisor or to persons directly involved in employment decisions with respect to either the author or the subject(s) of the communication. See, e.g., Op. Att'y Gen. 2006-092
(and opinions cited therein regarding complaint documents).
It is therefore my conclusion that the majority of the records in question are neither personnel nor employee evaluation records, and consequently the question as to the release of these records is not within my authority under A.C.A. § 25-19-105(c)(3)(B). Two of the records do, however, appear to fall within the statute — a memorandum date November 5, 2006, and a memorandum dated Friday, July 6, 2007. To the extent the former memorandum pertains to hospital personnel other than physicians with staff privileges, this record appears to be a personnel record.[3] Having reviewed this record under A.C.A. §25-19-105(b)(12), the "personnel records" exemption, I conclude that the record is subject to inspection and copying under the FOIA because its release would not constitute a "clearly unwarranted invasion of personal privacy." Id.
As to the other memorandum, it seems clear that this is a record of a supervisor's detailing of the performance or lack of performance of hospital employees with regard to specific incidents. I have no information indicating that any of these employees have been suspended or terminated. Accordingly, in my opinion this record is not open to public inspection and copying under the FOIA. *Page 5 
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely, DUSTIN McDANIEL Attorney General
[1] Personnel records are open to public inspection under the FOIA, except "to the extent that disclosure would constitute a clearly unwarranted invasion of personal privacy" of the subject of the records. A.C.A. § 25-19-105(b)(12).
[2] Employee evaluation and job performance records are generally closed and confidential unless the employee has been suspended or terminated, all administrative appeals from the suspension or termination are final, and there is a compelling public interest in the disclosure of the records. A.C.A. § 25-19-105(c)(1).
[3] To the extent this memorandum may pertain to physicians who have staff privileges at MRHS, it should be noted that the accordance of staff privileges at a hospital does not equate to a finding that a physician is a public officer or employee. See Baxter County NewspapersInc. v. Medical Staff of Baxter General Hospital et al., 273 Ark. 511,622 S.W.2d 495 (1981) (holding that the doctor at issue in that case was "not a public officer nor an employee of the hospital. His status is that of an individual who has certain privileges extended to him by the county hospital. . . ."). Id. at 514. However, because the memorandum appears to involve personnel other than physicians, I believe it falls within my authority under A.C.A. § 25-19-105(c)(3)(B).